By the Court.
 

 One legal question only is in-
 

 volved in this case, which is whether qualified electors who have signed their names to a remonstrance against the creation of a new school district established by a county board of education, under Section 4736 of the General Code, which remonstrance is filed with the county board of education before the end of the 30-day period, may withdraw their names from the remonstrance after the 30-day period has elapsed, but before official action was taken upon the remonstrance by the county board of education.
 

 The plaintiff in error claims that electors who have signed such a remonstrance may lawfully withdraw their names therefrom.at any time before the county board has taken official action thereon, even though the 30-day period has expired.
 

 The defendant in error claims that such withdrawals cannot be made after the 30 days have expired, upon the ground that the filing of the remonstrance signed by more than a majority of all the electors within the territory affected automatically renders ineffectual the action of the county board purporting to create the new school district.
 

 In so far as pertinent to this discussion, Section 4736, General Code (108 O. L., pt. 1, p. 707), reads:
 

 “The county board of education may create a school district from one or more school districts
 
 *111
 
 or parts thereof, and in so doing shall make an equitable division of the funds or indebtedness between the newly created district and any districts from which any portion of such newly created district is taken. Such action of the county board of education shall not take effect if a majority of the qualified electors residing- in the territory affected by such order shall within thirty days from the time such action is taken file with the county board of education a written remonstrance ag-ainst it.”
 

 The plaintiff in error cites certain Ohio cases, to the effect that persons who have subscribed to petitions may withdraw their names at any time before official action is taken thereon, and urges that these decisions necessitate judgment in his favor.
 
 Hays
 
 v.
 
 Jones,
 
 27 Ohio St., 218;
 
 Dutten
 
 v.
 
 Village of Hanover,
 
 42 Ohio St., 215;
 
 State, ex rel. Kahle,
 
 v.
 
 Rupert, Aud.,
 
 99 Ohio St., 17, 122 N. E., 39;
 

 We have read and carefully considered these decisions, but think that they do not apply in the instant case. There is a distinction between the filing of a petition and the filing of a remonstrance, under Section 4736, General Code. It is true, as contended by plaintiff in error, that the petition, like the remonstrance, is a means provided for electors to express their will. But in other essential respects there is a marked difference between the remonstrance and the petition. In eases such as those cited above the filing of the petition merely invokes the jurisdiction of the board or tribunal, and therefore the withdrawal of the names by the electors who originally signed
 
 *112
 
 them to the petition is permissible until the time that official action is taken upon the petition. The electors, having a right to invoke the jurisdiction of the board or tribunal, are entitled any time before jurisdiction is assumed by the board or • tribunal to revoke' their action. Withdrawal of the names does not render ineffectual the action of the board or tribunal because none has been taken, but simply nullifies the invoking of the jurisdiction. “The jurisdiction of the board of county commissioners to make the final order for the improvement, under these statutes, is special, and conditioned upon the consent, at the time the final order is to be made, of a majority of the resident landholders, who are to be charged with the costs of the improvement.”
 
 Hays
 
 v.
 
 Jones, supra.
 

 The filing of a remonstrance under Section 4376, General Code, on the contrary, does not invoke the jurisdiction of the county board of education. The board of education in the first instance has power to create a school district from one or more school districts or parts thereof without the filing of a petition by the electors, but the remonstrance when duly filed makes ineffectual the action of the board.
 

 Moreover, in none of the above cited cases was a statute involved which read in unambiguous terms, as does Section 4736, that the action of the official board in question shall not take effect if a majority of the qualified electors residing in the territory affected, within 30 days from the date of the action, file a written remonstrance with the county board of education.
 

 If this provision of the statute means anything, the action of the county board of education taken
 
 *113
 
 on May 6, 192.4, was nullified at. the end of the 30-day period by the filing of the remonstrance, and could not be resuscitated by the withdrawal of the names originally signed to the remonstrance after that period had expired.
 

 We have no doubt that in the given ease the signers to the remonstrance could have withdrawn their names before and up to the end of the 30-day period. It is only when the 30-day period has elapsed that the number of names upon the remonstrance is definitely fixed. The remonstrance must be placed in the hands of the county board of education within thirty days from the time of creation of the new .school district by the county board, but the remonstrance cannot be considered as filed until the 30-day period has elapsed. Names could no doubt be added to the remonstrance within that time by qualified electors, and names could also be cancelled upon the remonstrance within that time, if such cancellations were made by the original signers. But the specific question here is whether the withdrawal of names by the electors is allowable after the 30-day period.
 

 We are strengthened in our conclusion that the filing of the remonstrance within the statutory period makes nugatory the action of the county board, and renders it impossible to withdraw names after the 30-da.y period has elapsed, by the fact that Section 4736, General Code (106 O. L., 397), formerly read as follows:
 

 "The county board of education shall arrange the school districts according to topography and population in order. that the schools may be most easily accessible to the pupils, and shall file with the board or boards of education in the
 
 *114
 
 territory affected, a written notice of sncli proposed arrangement, which said arrangement shall be carried into effect as proposed unless, within thirty days after the filing of such notice with the board or boards of education, a majority of the qualified electors of the territory affected by such order of the county board, file a written remonstrance with the county board against the arrangement of school districts so proposed.”
 

 By an act of the Legislature passed May 28, 1919 (108 O. L., pt. 1, 707), this section was amended to read as it does to-day, that:
 

 “Such action of the county board of education shall not take effect if a majority of the qualified electors residing in the territory affected by such order shall, -within 30 days from the time such action is taken, file with the county board of education a written remonstrance against it.”
 

 This amendment removed any uncertainty in the act, if any theretofore existed, and specifically gave the filing of the remonstrance the effect contended for by defendant in error. “When an existing statute is repealed and a new and different statute upon the same subject is enacted, it is presumed that the Legislature intended to change the effect and operation of the law to the extent of the change in the language thereof.”
 
 Board of Education of Hancock County
 
 v.
 
 Boehm,
 
 102 Ohio St., 292, 131 N. E., 812.
 

 For the above reasons the judgment will be affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.