Allen, J.
 

 Did the electors have the right to withdraw their names from the remonstrance at any time within the 30-day period allowed by Section 4736, General Code, for the filing of the remonstrance? And under Sections 4736 and 10216, General Code, could the electors exercise such right of withdrawal upon the Monday following the thirtieth day, which fell upon a Sunday?
 

 These two sections of the Code read as follows:
 

 “Sec. 4736. The county board of education may create a school district from one or more school districts or parts thereof, and in so doing shall make an equitable division of' the funds or indebtedness between the newly created district and any districts from which any portion of such newly created district is taken. Such action of the county board of education shall not take effect if a majority of the
 
 *252
 
 qualified electors residing in the territory affected by such order shall within thirty days from the time such action is taken file with the county board of education a written remonstrance against it. Members of the board of education of the newly created district shall be appointed by the county board of education and shall hold their office until the first election for members of a board of education held in such district after such appointment, at which said first election two members shall be elected for two years and three members shall be elected for four years, and thereafter their successors shall be elected in the same manner and for the term as is provided by Section 4712 of the General Code. The board so appointed by the county board of education shall organize on the second Monday after their appointment.”
 

 “Sec. 10216. Unless otherwise specifically provided, the time within which an act is required by law to be done shall be computed by excluding the first day and including the last; except that the last shall be excluded if it be Sunday.”
 

 It has been repeatedly held in this state that persons who have subscribed their names to petitions may withdraw their names therefrom at any time before official action is taken thereon.
 
 Hays
 
 v.
 
 Jones,
 
 27 Ohio St., 218;
 
 Dutton
 
 v.
 
 Village of Hanover,
 
 42 Ohio St., 215;
 
 State, ex rel. Kahle,
 
 v.
 
 Rupert, Auditor,
 
 99 Ohio St., 17, 122 N. E., 39. The same doctrine has been applied in case of a remonstrance under this very Section 4736, General Code,
 
 County Bd. of Education of Putnam County
 
 v.
 
 Bd. of Education of Hartsburg Rural Special School Dist.,
 
 112 Ohio St., 108, 146 N. E., 812. The
 
 *253
 
 proposition also has support in other state jurisdictions.
 
 In re Mercersburg Independent School Dist.,
 
 237 Pa., 368, 85 A., 467;
 
 People, ex rel. Koensgen,
 
 v.
 
 Strawn,
 
 265 Ill., 292, 106 N. E., 840.
 

 It is true that the earlier Ohio cases above cited, as pointed out in
 
 County Bd. of Education of Putnam County
 
 v.
 
 Bd. of Education,
 
 112 Ohio St., 108, 146 N. E., 812, relate to the filing of petitions instead of to the filing of remonstrances. However, so far as the right to withdraw signatures is concerned the principle they announce directly applies. It is a right generally enjoyed by one who casts a vote to change his vote, or by one who is authorized to state in writing his position of affirmance or dissent upon public questions to withdraw from or change that statement of position. This can be done in meetings of Congress, state legislatures, city councils, and all legislative bodies, and is based upon the general proposition that the right to register an opinion in a vote includes the right to withdraw that registry of opinion. It is true that in the case of a vote cast at a general election, the complexity of the voting procedure and the vast number of names involved make it impracticable for the voter to revoke his ballot. In the instant case however, we see no reason for departing from the general rule announced in
 
 County Board of Education of Putman Co.
 
 v.
 
 Bd. of Education,
 
 112 O. S., 108. Hence we sustain the first contention of the plaintiffs in error and hold that under Section 4736, General Code, signers to a remonstrance may withdraw their names before and up to the end of the 30 days from the time when the county board of education took action creating
 
 *254
 
 a school district from one or more school districts or parts thereof.
 

 Conld the withdrawals of signatures he made upon the thirty-first day when the 30-day period terminated upon a Sunday? The plaintiffs in error contend that such action is expressly authorized by Section 10216, General Code, above quoted. ' The lower courts apparently held that Section 10216 could not authorize such action, for the reason that the section is incorporated in Part Third of the General Code, and hence has no application to Section 4736, which is incorporated within Part First of the General Code. Whether a statute has general application, or only an application limited to that particular portion of the Code in which it is placed, must evidently be determined by the content of the statute, and we therefore proceed to consider what that content is.
 

 As originally enacted, the section was one of miscellaneous provisions contained in chapter 4 of the “General Provisions Applicable to the Whole Code,” enacted in 51 Ohio Laws, 57 (pages 158 and 160, Section 597). It then read as follows:
 

 “The time within which an act is to be done,, as herein provided, shall be computed by excluding the first day and including the last; if the last day be Sunday, it shall be excluded.”
 

 When the statute was recast in practically its present form, in 1880 (Revised Statutes, Section 4951), the words “as herein provided” were eliminated, and the statute was later placed under the chapter “General Provisions,” in Part Third of the General Code. In the original enactment the section clearly applied only to acts to be done under
 
 *255
 
 the Code of Civil Procedure, for it expressly stated “as herein provided,” and was placed under the heading, “General Provisions Applicable to the Whole Code.” 51 Ohio Laws, page 158. This was the specific holding in the early cases.
 
 Paine
 
 v.
 
 Mason,
 
 7 Ohio St., 206;
 
 McLees
 
 v.
 
 Morrison,
 
 29 Ohio St., 155. Both of these decisions were announced prior to the amendment of the statute in the revision of 1880 and were clearly right under the old form of statute. The case of
 
 Kerr
 
 v.
 
 Keil,
 
 60 Ohio St., 607, 54 N. E., 1104, which will be considered later in this opinion, was decided after the revision of 1880, and followed
 
 McLees
 
 v.
 
 Morrison, supra.
 
 The words, “General Provisions Applicable to the Whole Code,” which headed the chapter under which the section fell in 51 Ohio Laws, are eliminated from the section in its present form, and the limitation that the act done to which the statute applied was to be one falling only within the purview of the Code of Civil Procedure was further abrogated by the elimination of the words, “as herein provided.” The phrasing was made still more broad by the addition of the words, “unless otherwise specially provided.” The present wording of the section, hence, is much more general than in the first enactment. It covers any act done without limitation, unless its mere position in the Code constitutes a limitation. So far as the inherent meaning of the words employed is concerned, the section is broad enough to cover any act required or allowed to be done whether under statute or under contract within a time certain. We are at a loss to conceive of a more general phrase than this, and so far as the wording of the statute is concerned it
 
 *256
 
 is not limited in its application to Part Third of the General Code.
 

 In regard to the computation of time there is considerable authority to the effect that where no contrary intent appears, and a given number of days is allowed to do an act, whether by rule of court, judicial order, or statute, if the last day falls on Sunday the act may be done upon the day following.
 
 Simkin
 
 v.
 
 Cole
 
 (Del. Super.), 122 A., 191;
 
 Austin, Nichols & Co.
 
 v.
 
 Gilman,
 
 100 Conn., 81, 123 A., 32;
 
 Wilcox
 
 v.
 
 Engebretsen,
 
 160 Cal., 288, 116 P., 750;
 
 Johnston
 
 v.
 
 New Omaha Thomson-Houston Electric Light Co.,
 
 86 Neb., 165, 125 N. W., 153, 20 Ann. Cas., 1314. In the last-named case the statute construed is substantially similar to our Section 10216, General Code, and it was there held that the rule for computation of time laid down in that statute applied alike to matters of practice and to construction of statutes, and to any act to be done or permitted to be done within a specified time.
 
 Armstrong
 
 v.
 
 McGough,
 
 157 Ark., 173, 247 S. W., 790, 29 A. L. R., 236, applies the same rule to one charged by a contract with the performance of an act within a certain number of days. See, also,
 
 Baruth
 
 v.
 
 Board of Commrs. of Sanborn County
 
 (S. D.), 209 N. W., 341;
 
 Monroe Cattle Co.
 
 v.
 
 Becker,
 
 147 U. S., 47, 13 S. Ct., 217, 37 L. Ed., 72;
 
 McNutt
 
 v.
 
 State,
 
 163 Ark., 122, 259 S. W., 1.
 

 Sometimes it is held that the rule of time computation, which allows performance on Monday of an act required to be done within a given time, when the last day of the period falls on Sunday, applies only to matters of practice and not to construction of statutes.
 
 McGinn
 
 v.
 
 State,
 
 46 Neb., 427, 65 N.
 
 *257
 
 W., 46, 30 L. R. A., 450, 50 Am. St. Rep., 617. A different statement of the rale is that where an act is to be done within a time fixed by statute, and the last day thereof falls on a Sunday, performance of the act on the following Monday is not timely unless expressly authorized by statute.
 
 Hixenbaugh
 
 v.
 
 Union Central Life Ins. Co.,
 
 219 Ill. App., 534;
 
 Monroe Cattle Co.
 
 v.
 
 Becker, supra.
 

 In a note to be found in 7 Ann. Cas., 325, the latter version of the rule is said to be supported by the great weight of authority.
 
 State
 
 v.
 
 Elson,
 
 77 Ohio St., 489, 83 N. E., 904, 15 L. R. A. (N. S.), 686, which will be discussed later, holds to the more liberal doctrine. The statute, also, by the significant use of the words, “unless otherwise provided,” states the more liberal rule. However, both the more liberal decisions, which hold that where no contrary intent appears Sunday is excluded and the act done -on the following day • is timely, and the stricter rule which holds that the following Monday cannot be used for performance of the act when the period terminates on a Sunday, unless the statute specifically states that such shall be the rule, are authorities in favor of the plaintiffs in error in this case.
 

 Surely no more definite expression of legislative intention could have been made by the General Assembly than its action in striking out the words, “as herein provided.” That seems to us to evidence deliberate intention that the section should no longer be construed as applying to acts done under the Code of Civil Procedure alone, nor under the statutes generally, but should be construed as a general provision relating to all acts required
 
 *258
 
 and permitted by law to be done within a time certain.
 

 While no express requirement of the Code compelled these plaintiffs to withdraw their names from the remonstrance within a given time, yet as the statute specifically set the 30-day period upon the filing of the remonstrance it did compel withdrawal to be made within that period, and hence the withdrawal was required by statute to be made within the 30 days, unless the last day fell upon a Sunday, in which case it could be done upon the following Monday.
 

 We think the question is concluded for this court by the case of
 
 State
 
 v.
 
 Elson,
 
 supra, where the court held that the first day should be excluded and the last day should be included in the period in question, although the court had before it a case arising under the fish and game laws, which were incorporated in part first, the political subdivision of the General Code. In other words, the court held that the rule stated in Section 10216, General Code, found in part third, applied to provisions which were in the political subdivision, part first of the General Code. The. court in the opinion, at page 495, 83 N. E., 906, adverting to the statute, states the following:
 

 “It
 
 must, we think, be conceded, in obedience to the clear weight of authority, that in the absence of language compelling the application of a different rule, the established general rule governing the computation of time, whether at common law or under the statute, is that the first day of the period named is to be excluded, and the last-named day is to be included, and that this rule applies alike to
 
 *259
 
 all provisions for the computation of time whether in civil or criminal cases. In this state it is provided by Section 4951, Revised Statutes (Civil Code), that: ‘Unless otherwise specially provided, the time within which an act is required by law to be done shall be computed by excluding the first day and including the last; and if the last be Sunday, it shall be excluded.’ True this provision applies in terms, only to the computation of time within which an act is required by law to be done; but we can see no good or sufficient reason, nor has any been suggested, why the same rule of computation should not be applied in computing the time within which an act is permitted by law to be done. The mode of computing time, in any particular case or class of cases, is of far less importance than that there should be some established and uniform rule on the subject. Obviously, it is not for the public good, nor in the interest of the due administration of justice, that there should be two rules, or that the rule' should be different or less certain in criminal than it is in civil cases. In our opinion this rule of the statute should be followed and applied in the interpretation and construction of all statutes, save those where the language of the provision as to time, itself clearly forbids it.”
 

 It will be observed that the statute construed in the
 
 Elson case,
 
 which was the form of the statute as found in Section 4951, Revised Statutes, while not a verbatim copy of the present section, is almost identical therewith in words, and is in fact identical in content. We are unable to reconcile the holding in the
 
 Elson case
 
 with the decision in the case of
 
 Kerr
 
 v.
 
 Keil, supra,
 
 which arose after
 
 *260
 
 the revision of 1880 and was a memorandum opinion based simply upon the holding in the
 
 McLees case,
 
 29 Ohio St., 155. As no opinion was rendered in the
 
 Kerr
 
 case, the reasoning under which the court followed the
 
 McLees case
 
 is not plain, and we are compelled to infer that the holding was made without particular regard to the change in wording of the new statute. In the
 
 Els on case
 
 the statute was considered, as is shown by the briefs, and by the opinion, and as the case is subsequent to the decision in the
 
 Kerr case
 
 and at variance with it, we think it, in effect, overrules the decision in the
 
 ILerr case.
 

 Being of the opinion that the rule as announced in the
 
 Elson case
 
 is supported by the weight of authority and by the present form of the statute, we conclude that the 163 names were properly withdrawn from the remonstrance, and within due time, that the county board’s action was not nullified by the filing of the remonstrance, that the district created stands, and that the school board must be permitted to act.
 

 Judgment of the Court of Appeals reversed, and the decision in
 
 Kerr
 
 v.
 
 Keil,
 
 60 Ohio St., 607, 54 N. E., 1104, overruled.
 

 Judgment reversed.
 

 Marshall, C. J., Day, Kinkade, Robinson, Jones and Matthias, JJ., concur.