CIRCLEVILLE BD. ED. v. STATE ex Moody.

Ohio Appeals, 4th Dist., Pickaway Co.

Decided Dec. 9, 1927.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**747. MANDAMUS — 923. Pleadings — 1065. Schools and School Districts.**
1. Where parents or guardians of school children seek to have school reopened, by virtue of provisions of last paragraph of 7730 GC., such group should fully and literally comply with all of the provisions of the statute conferring the right about to be enforced.
2. To invoke extraordinary writ of mandamus, to control action of public officials, necessary that there be pleaded and proved, the facts upon which the relator's right depends.

**916. PETITIONS.**
Signer of petition has right to withdraw from movement which he has helped to inaugurate, at any time before official action has been taken, unless some statutory provision intervenes to prevent such withdrawal.

Error to Common Pleas.

Judgment reversed.

This is a proceeding to reverse the decree of the Common Pleas Court awarding a peremptory writ of mandamus requiring the board of education of Circleville Township, in this county, to reopen and re-establish a school theretofore suspended by the board of education.

The rights and duties of the parties are fixed by section 7730 GC. Pursuant to that section the board of education in question suspended the school in what is known as the Sunnyside District in Circleville Township, in 1925. Thereafter certain interested parties sought to avail themselves of the provisions of the last paragraph of that section to require the suspended school to be reopened.

MAUCK, J.

"It seems clear that when a group that may be as small as two or three householders, charged with no particular responsibility and not acting under oath, by simply affixing their signatures to a proper petition, may subvert the educational policy established by the public officials charged with formulating and carrying out such policy, such group should fully and literally comply with all of the provisions of the statute conferring the right sought to be enforced.

The petition filed in this case does not state a cause of action. To invoke the extraordinary writ of mandamus to control the action of a public official, it is necessary that there be pleaded and proved, the facts upon which the relator's right depends.

The petition was insufficient to support the writ awarded. This would require a reversal of the judgment but would permit an amendment requiring a new trial. We therefore proceed to an examination of the record to ascertain whether or not the petition might be so perfected as to enable the relator to secure any relief.

One of the objections made to the form of the petition was that certain signatures thereto were not signed by the parties in person but were signed by others for them and with their authority. In our judgment this objection is not tenable.

Objection was also made to the power of Mrs. Walters and Mrs. Zwicker who each signed in behalf of one child as guardian of such child, and that objection we find to be sound. The relation existing between the party signing and the child signed for was neither that of parent and child nor guardian and ward. Neither Mrs. Walters or Mrs. Zwicker could have maintained any action at law in behalf of the children who happened to be casually residing with them at the time, and the statute does not recognize their power to intervene in behalf of such children in such a proceeding as this. Indeed, in the case of Mrs. Zwicker, the record not only fails to show she is the guardian of the child for whom she signed but it shows that the child has a duly appointed and acting guardian residing in another county. So far as the signature of Mr. Dunkel is concerned, it would appear that he had a right to sign but it does not appear that his child was ever enrolled in the public school system. In this connection it may be proper to point out that evidence was offered that all of the children concerned were among the enumerated school children of the Circleville Township district. An enumerated child, however, is not an enrolled child. Enumerated children include all those between the ages of five and eighteen described in Sect. 7794 GC. Enrolled children embrace only those mentioned in Sect. 7784.

Another and more important question lies in the objection made to the effectiveness of the signature of J. C. Grubb. Mr. Grubb signed the petition as the parent of four children affected. After the petition had been filed on July 30 and before it had been acted upon on Aug. 25, Mr. Grubb, in a writing filed with the board of education, withdrew from the petition. If his withdrawal was effective, that fact, taken in connection with the frailties in the signatures above mentioned, was fatal to the claims of those who sought to reopen the school. It is now urged by the defendant in error that Mr. Grubb had no right to withdraw from the petition. With that view we have no sympathy.

As we look at it, the Supreme Court has sustained the right of one to withdraw from a movement which he has helped to inaugurate, at any time before official action has been taken, unless some statutory provision intervenes to prevent such withdrawal. In State ex v. Rupert, 99 OS. 18, the Supreme Court affirmed the doctrine of Dutton v. Village of Hanover, 42 OS. 215, and earlier cases.

The Supreme Court, in Board of Education v. Board of Education, 112 OS. 111, in referring to the cases just cited, said that a different rule obtains in the case of a remonstrance that became effective upon its filing and which required no official action, from that prevailing in the case of a petition that did require official action.

In Neiswander v. Brickner, 116 OS. 249, the same authorities are followed, the court saying:

"It has been repeatedly held in this state that persons who have subscribed their names

to petitions may withdraw their names at any time before official action is taken."

It therefore affirmatively appears that the relator could not, under any amended pleading, show that a petition had been filed by the parents or guardian of twelve children enrolled within the district when we give effect, as we are bound to, to the withdrawal of Mr. Grubb therefrom and when the signatures of Mrs. Walters and Mrs. Zwicker are eliminated. There was, therefore, no cause of action possibly existing in favor of the relator at the time this petition was filed.

The judgment awarding the writ of mandamus is reversed and the petition is dismissed.

(Middleton, PJ., concurs.)