STATE ex McMillen v. LLOYD.

Ohio Appeals, 6th Dist., Wood Co.

No. 444. Decided Sept. 12, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

ELECTION.

(240 R) Revocation of withdrawal of name from referendum petitions, may be made up to time of bringing of action in mandamus.

Error to Common Pleas.

Judgment reversed.

N. R. Harrington, Bowling Green, E. V. Bope, Findlay, and J. E. Tracy, for State ex.

Seeley & Wolfe, Toledo, E. M. Fries and S. W. Bowman, Bowling Green for Lloyd.

STATEMENT OF FACTS.

The plaintiff brings this action to require the defendant to certify to the Board of Deputy State Supervisors of Elections a petition for a referendum on a certain ordinance passed by the council of the Village of North Baltimore. This ordinance was passed for the purpose of granting to the Stone Power Company the privilege of occupying certain streets and other public places in the village for transmitting electrical energy to the village and its citizens for light, heat and power pur-

poses, and was enacted on January 24, 1928, and approved by the Mayor of the village on the same day.

The Court of Common Pleas on final hearing adjudged that the plaintiff was not entitled to a writ of mandamus and dismissed the petition.

The facts necessary to determine the rights of the parties are not in controversy in this action. They show that a referendum petition was duly filed on February 20, 1928, with the clerk of the village, containing the genuine signatures of 279 electors of the village, and that on March 1, 1928, 200 of the signers of said petition filed with the clerk of the village a writing in proper form withdrawing their consent and signatures. It appears that the total number of votes cast for the office of mayor at the last preceding election was 833, and under the statute 84 names would be the minimum number necessary on the referendum petition. On March 2, 1928, the village clerk certified that the number of signatures remaining on the petition was insufficient. The evidence further discloses that on March 6, 1928, a paper writing was filed with the clerk of the village, containing the signatures of 24 of those who had signed the paper withdrawing their names from the referendum petition. The last paper filed containing the 24 signatures requested that their names be allowed to stand and be counted in favor of the referendum and reciting that they signed the withdrawal under a misapprehension of the facts.

## BY THE COURT.

We have no trouble in reaching a conclusion that the 200 signers had the right to withdraw their signatures from the referendum petition within the ten day period following the expiration of the 30 days, under the authority of State ex rel Kahle v. Rupert, Auditor, 99 Ohio St., 17, a case which has been frequently followed, the last citation being in Neiswander, et al, v. Brickner, et al, 116 Ohio St., 249, 252. This withdrawal was after the expiration of the 30 day period but within the 10 days mentioned in the statute, GC. Sec. 4227-2, and prior to the bringing of the mandamus action, so that the withdrawal of signatures was directly authorized by the decision above cited.

If no right existed for any of these persons so withdrawing, to have their names allowed to stand and be counted, then the decision of the Court of Common Pleas was correct because there would remain a lesser number of signatures than required by law, but if the right of the 24 persons asking to revoke such withdrawal existed, then the petition would, after such revocation, contain enough signatures to require the granting of the referendum petition and the only question for decision in this case is the right to revoke the withdrawal. It is true that the village clerk had in form certified before the revocation that not enough signatures remained on the petition, but the statute above cited only authorizes a certificate from him when the petition is signed by at least 10% of the electors. Having found that the petition contained an insufficient number of signatures, the certificate made by the clerk was unauthorized and a nullity and did not constitute "official action" within the meaning of State ex rel v. Rupert, cited supra. That decision holds that under such circumstances the right of with-

drawal exists until an action in mandamus is brought, and the action in this case was not brought until some days after the attempted reinstatement of the 24 names. The Supreme Court having held in the case cited that withdrawals could be made, it would seem to follow as a matter of justice and reason that revocation of such withdrawals could be made during the same period of time,—that is, in this case, up to the time of the bringing of the action in mandamus. To hold otherwise would place the signers of referendum petitions at the mercy of those who, perchance, signed for the very purpose of subsequently withdrawing and thus nullifying the petition, thereby defeating the purpose of the referendum statute.

For the reasons given the judgment will be reversed and a writ of mandamus awarded as prayed for.