Weygandt, C. J.
The resolution of October 8,1934, recites that it was adopted under favor of Section 4736, General Code, which reads as follows:
“The county board of education may create a school district from one or more school districts or parts thereof, and in so doing shall make an equitable division of the funds or indebtedness between the newly created district and any districts from which any portion of such newly created district is taken. Such action of the county board of education shall not take effect if a majority of the qualified electors residing in the territory affected by such order shall within thirty days from the time such action is taken file with the county board of education a written remonstrance against it. Members of the board of education of the newly created district shall be appointed by the county board of education and shall hold their office until the first election for members of a board of education held in such district after such appointment, at which said first election two members shall be elected for two years and three members shall be elected for four years, and thereafter their successors shall be elected in the same manner and for the term as is provided by section 4712 of the General Code. The board so appointed by the county board of education shall organize on the second Monday after their appointment.”
Of the two questions of law here requiring discussion the first relates to the effect of the resolution of November 26, 1934, adopted to “sustain the Remonstrance presented by the East Township Patrons *266 against the creation of a new District.” Counsel agree that under the decision of this court in the case of Neiswander v. Brickner, 116 Ohio St., 249, 156 N. E., 138, the 364 signers were within their rights in withdrawing or canceling their names within thirty days from the adoption of the original resolution. 36 Ohio Jurisprudence, 119, Section 82. Counsel are likewise agreed that the withdrawal or cancellation of the 364 of the 624 names from the remonstrance reduced the number of signatures to fewer than the necessary majority of the qualified electors residing in the affected territory, thus leaving no valid remonstrance upon which the respondent could predicate its “sustaining” resolution of November 26, 1934. However, counsel disagree as to the relators’ contention that this “sustaining” resolution was utterly without significance. It is urged by the respondent that although the resolution sustained nothing because legally there remained nothing to be sustained, nevertheless this action by the board of education had the effect of at least inferentially indicating an intention to proceed no further and to rescind the original resolution of October 8, 1934. This court finds itself unable to so view the matter. The resolution of November 26, 1934, mentioned nothing but the remonstrance and an intention to sustain it. Conceding that the phraseology was inexpertly selected, the fact remains that the meaning thereof is clear. Therefore, it is evident that this case must be considered and decided just the same as if no remonstrance had been filed and as if the resolution of November 26, 1934, had not been adopted.
The second question involves the effect of the final resolution adopted January 8, 1935. There is no claim of bad faith or abuse of discretion. The relators contend that under the provisions of Section 4736, General Code, the action of the respondent on October 8, 1934, was final inasmuch as there was no valid remonstrance on file at the end of the thirty day period. *267 However, it must be observed that the creation of a new school district is an administrative matter addressed to the sound discretion of the board of education. The statute employs the word “may” and contains no language indicating an intention by the Legislature to so demarcate the powers of a board of education as to prevent a bona fide reconsideration and rescission of such action within a reasonable time and before further procedure in perfecting the new plan of operation. In the instant case neither the pleadings nor the agreed statement of facts disclose that anything whatsoever had been accomplished except the adoption of the original resolution of October 8, 1934. There had been no ‘£ equitable division of the funds or indebtedness” as the statute provides; however, it is of course true that none was necessary since the creation of the new district involved no division of an existing district but merely the merger of two entire ones. Nevertheless, with reference to the many remaining administrative matters necessarily incident to such a project, nothing had been done. Necessarily considering this question as one merely of power and not of policy, this court is of the opinion that under the circumstances of this case a board of education is not precluded from a reconsideration and rescission of its original action, as was done on January 8, 1935.
Consistent with the foregoing views the motion of the relators is overruled and that of the respondent is granted. The peremptory writ is thereby denied and the action dismissed at the costs of the relators.

Writ denied.

Stephenson, Williams, Jones, Matthias, Day and Zimmerman, JJ., concur.