McGRAFF, Estate of, In re.

Probate Court, Franklin County.

No. 129102. Decided October 28, 1948.

J. Maxwell Maher, Columbus, for stepchildren.
John S. Mitchell, Columbus, for proponent of will.

### OPINION

By McCLELLAND, J.

This matter comes before the Court upon the motion of James Farley and his sister Marie Faulkner, who claim to be stepchildren of the testator, to vacate the order of probate of the testator's will, on the ground that they are the next of kin of the testator, but that the will was admitted to probate without notice to them as required by statute. **Scholl v. Scholl, 123 Oh St 1,** 173 N. E. 305.

Counsel for the proponent of the will claims that the alleged stepchildren are not stepchildren of the testator because of the fact that about six months before the death of the testator,

his wife, who is the mother of the alleged stepchildren, obtained a divorce from the testator.

The facts show that the testator left no other persons entitled to inherit from the testator under the stautes of descent and distribution, and that the proponent of the will knew of the existence of the alleged stepchildren, and knew that they resided in Columbus, Ohio.

The question before us, therefore, is: Are these alleged stepchildren actually stepchildren of the testator within the meaning of the term "stepchildren" as employed in Subsection 9 of §10503-4 GC (Statute of Descent and Distribution)?

The question is one of first impression in Ohio and counsel are unable to find any case in point in other jurisdictions. There are numerous cases involving rights of persons related by affinity in connection with insurance contracts. However, questions whether persons related by affinity are entitled to the proceeds of insurance policies are questions involving the interpretation of contracts. Our question involves a question of inheritance under our statute of descent and distribution.

In the leading case of **Spear v. Robinson, 29 Me.** 531 the effect that relationships by affinity are not terminated by dissolution of the marriage which created them, the Court in its opinion had this to say concerning relationship by affinity:

"By the marriage, one party thereto holds by affinity the same relation to the kindred of the other, that the latter holds by consanguinity. And no rule is known to us, under which the relation by affinity is lost on a dissolution of the marriage, more than that by blood is lost by the death of those through whom it is derived; the dissolution of a marriage once lawful, by death or divorce, has no effect upon the issue, and it is apprehended, it can have no greater operation to annul the relation by affinity which it produced."

We are inclined to agree with this statement. When a divorce is decreed the marital relationship of husband and wife, the parties to the action, is dissolved the same as if one of the parties had died, and leaves the parties free to marry again. The divorce action involves only the relationship of the parties to the action and no other parties are involved. All statutes concerning the status of divorced couples involving rights of inheritance, etc., relate only to the rights between the divorced husband and wife, but go no further so as to involve the status, relationship or rights of other persons brought about by the marriage of the couple.

If it be the law that relationship by affinity is dependent upon a subsisting marriage, then it is quite obvious that the statute would be meaningless because, under such an interpretation, an ·inheritance would never descend to stepchildren but would be intercepted by the wife. Of necessity therefore, the wife must be dead or divorced if stepchildren are ever to take an inheritance under the statute, before it escheats to the State.

Irrespective of the foregoing consideration, it is our opinion that the legislative history of the statute under consideration is the determining factor with reference to the question before us, as far as the law of Ohio is concerned. **Sub-section 9 of §10503-4 GC**, has been in force since January 1, 1932. When this statute was enacted, the Legislature repealed **§8576 GC**, which was the section that corresponded to the part of **§10503-4 GC** which we have under consideration. Former §8576 GC reads as follows:

"When real estate to pass to children of former husband or wife; when to escheat.—When a person dies intestate, having title or right to any real estate or inheritance, whether by descent, devise, or deed of gift from an ancestor, or acquired, and there is no person entitled to inherit it under the next three preceding sections, then the estate shall pass to and vest in the children of any deceased husband or husbands, wife or 'wives, of the intestate, whose marriage with the intestate was not annulled prior to his, her or their death, or their legal representatives. If there are no children, or their legal representatives, living, then the estate shall pass to the brothers and sisters of any such husband or wife, or their legal representatives; if there are ·no brothers and sisters, nor their legal representatives, the estate shall pass to the next of kin of such intestate; and if there are non such, then the estate shall escheat and be vested in the state of Ohio. (R. S. §4161) [59 v. 50, Sec. 3; S. & S. 306; S. & C. 502.]"

Counsel for the proponents of the will claims that the Legislature, by the elimination of the words above emphasized in the old statute from the new statute, did not intend to make any change in the meaning of the new statute, but that the Legislature by the enactment of the new section merely intended to re-codify and consolidate the law. The whole part of **§10503-4 GC** negatives any intention on the part of the Legislature not to change the law of descent, as it contains numerous changes about which there can be no dispute.

We know of no Court decision involving stepchildren which might have motivated the Ohio Bar Committee in recommending to the Legislature the change in the wording of the statute. Certainly the Bar Committee or the Legislature is presumed to have had a case similar to this in mind, when it eliminated from the new statute the words in the old statute above emphasized, which were definite and full of meaning. When the Legislature amends a statute involving substantive rights, it attempts to make the statute as definite as possible, and where it eliminates a part of an existing statute that is definite, it must be presumed that it intended to make a change. It might be argued that, due to the great increase of the number of divorces, the Legislature felt that before it would permit property to escheat to the State, it would permit stepchildren, like the ones involved in this case, to inherit from their step-parent.

It is a cardinal rule of statutory construction, that when an existing statute is repealed and a new and different statute upon the same subject is enacted, it is presumed that the Legislature intended to change the effect and operation of the law to the extent of the change in the language thereof. **Board of Education of Hancock County v. Boehm, 102 Oh St 292, 131 N. E. 812, and Board of Education v. Board of Education, 112 Oh St 108, 146 N. E. 812.** This can, therefore, mean but one thing, namely, that by the repeal of §8576 GC and the enactment of §10503-4 GC, Sub-section 9, in its place, the Legislature intended that stepchildren shall inherit irrespective of the dissolution of the marriage by divorce.

We cannot help but feel that since the Legislature provided in §10503-4 GC that property should escheat to the State before it be permitted to descend to any persons more remote than stepchildren, it intended to eliminate the restrictions on stepchildren inheriting which were contained in the old §8576 GC.

It is, therefore, our conclusion that the will should not have been admitted to probate without notice to these stepchildren, who, we hold, would have been entitled to inherit from the testator under the statutes of descent and distribution, if he had died intestate, and that the motion to vacate the order of probate should be sustained.