**LYNN, Relator, v. SUPPLE, etc. et, Respondents.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23680.   Decided May 3, 1956.

Creighton E. Miller, for relator.
Vernon Burt, for respondents, Clerk and Council of Mayfield Heights, Ohio.
Saul Danaceau, Asst. County Pros., for Board of Elections.

## OPINION
By KOVACHY, PJ.:

This is an original action in mandamus. The relator, one of the sponsors of a referendum petition and a member of the committee designated by the signers, seeks a writ commanding the Clerk of the Council of the City of Mayfield Heights to certify said referendum petition as sufficient to Council. The cause is submitted to us on the pleadings, stipulation of facts, evidence, oral arguments and briefs.

The charter of the City of Mayfield Heights requires that a referendum petition be signed by electors equal to ten per cent of the electors voting at the last preceding November election and filed with the Clerk of Council within forty days after the final passage of the ordinance involved. The Clerk is then required to ascertain the sufficiency of the petition and report upon the same to the Council. Article VIII, Sec. 2.

Article VIII, Sec. 4, dealing with Petitions, states that "the manner of signing, the method of circulating, the form and requirements as to the affidavit, **and the other requirements of the general law regulating initiative and referendum petitions,** shall apply in the case in initiative, referendum and recall in this City, except as otherwise provided in this Chapter." (Emphasis added.)

The essential facts in this action are:

1) 3,708 persons voted at the last general election.

2) 371 valid signatures are required to make a referendum petition effective.

3) 1,008 signatures were filed September 16, 1955; this was within forty days after passage by Council of the ordinance in question.

4) 517 signatures were withdrawn in writing on or before October 10, 1955.

5) The Clerk, on October 10, 1955, had not as yet taken any official action upon or in connection with the referendum petition.

6) 288 signatures are valid beyond question.

7) 25 persons on October 10, 1955 requested in writing the revocation of previous withdrawals.

8) 23 signatures have initials of given names although registered under full given names. Each, so signing, is admitted to be one and the same person registered.

9) 21 signatures of married women have their husband's given name although registered in their own given name. Each, so signing, is admitted to be one and the same person registered.

10) 5 signatures have different first names from that registered. Each, so signing, is admitted to be one and the same person registered.

11) The surnames of two signatures are spelled differently from that registered. Each, so signing, is admitted to be one and the same person registered.

12) 5 signers failed to place precincts.

13) 11 signers placed incorrect precincts.

14) One signer placed an incorrect address and precinct, having moved from the address from which registered.

15) The City of Mayfield Heights is divided into precincts only.

From a careful analysis of these admitted facts, we unanimously come to the conclusion that the referendum petition does not contain the required number of valid signatures and that the respondent clerk, Alice Supple, was justified in not reporting the same as sufficient to the City Council.

(a) The Law of Ohio is well settled that an elector signing a petition authorized by law invoking official action has a right to withdraw his name therefrom at any time before official action has been taken thereon.

The Supreme Court in a per curiam opinion stated on page 4, in State, ex rel. McLain v. Bailey, 132 Oh St 1, 4 N. E. 2nd 141, 6 O. O. 470:

"The court held in the per curiam opinion in State, ex rel. Kahle, v. Rupert, Auditor, 99 Oh St 17, 122 N. E., 39, that an elector signing a petition invoking either official or judicial action has a right to withdraw his name before action has been taken thereon. The signers to the referendum petition, therefore, had the right to withdraw their signatures therefrom, and therefore council did not have before it a referendum petition bearing the signatures of ten per cent of the electors of the village."

See State, ex rel. v. Rupert, Auditor, 99 Oh St 17; State, ex rel. Wehr v. Council, 138 Oh St 93, 32 N. E. 2nd 839, 20 O. O. 35.

The 517 signatures, accordingly, were properly withdrawn from the petition.

(b) Since the 23 signatures, having initials of given names instead of the full names as registered, the 21 signatures of married women, having their husband's given names instead of their own given names as registered, the 5 signatures, having first names different from those registered, and the 2 signatures, having surnames spelled differently as registered, are all identifiable as the signatures of persons duly registered as electors with the Board of Elections, they must be given full validity and accepted as the signatures of electors of the City of Mayfield Heights.

It is stated by the Supreme Court of Michigan in headnotes 5 and 7 of People v. Kelly, 294 Mich. 503, 293 N. W. 865:

"5. When the surname appears in full in a petition for referendum under the Constitution, and the given name by initials only, the signature must be accepted."

"7. Signatures of married women who sign their husband's given name or initials with the prefix 'Mrs.' in petitions for referendum under the Constitution should be accepted." See Conn. v. City Council of City of Richmond, 121 Pacific Reporter, 714 Headnote 6.

(c) The 5 signers, failing to place precincts, and the 11 signers, placing incorrect precincts, have invalidated their signatures for the reason that the general law, applicable under the charter, makes placing the precinct on a referendum petition in a registration city mandatory.

Pertinent parts of §731.31 R. C. read:

"* * * Each signer of any such petition must be an elector of the municipal corporation in which the election, upon the ordinance or measure proposed by such initiative petition, or the ordinance or measure referred to by such referendum petition, is to be held, and shall place on such petition, after his name, the date of signing, his place of residence, including street and number, **and the ward and precinct. * * *"** (Emphasis added.)

The Supreme Court in a per curiam opinion stated on **pages 481** and **482** in **State, ex rel. Poor v. Addison, 132 Oh St 477, 9** N. E. 2nd 148, **8 O. O. 459:**

"We have quoted the foregoing in order to point out that the ward and precinct need not necessarily be placed on the petition by the signer himself but may be filled in by someone else under his direction and authority. However, the law is clear that the ward and precinct, whether written in by the signer himself or by someone else under his direction, must follow the signature of the signer in a petition on an initiative petition as in the case at bar. By reason thereof we hold that in a registration city like Columbus, on an initiative petition, a signature not followed, amongst other requirements, by the ward and precinct of the signer does not comply with §4227-4 **GC,** and therefore, cannot be held to be a valid and sufficient signature." (Sec. 4227-4 **GC** now §731.31 **R. C.)**

Since the City of Mayfield Heights is registered only under precincts and has no wards, the designation of wards is impossible.

(d) The signature of the signer who had moved and placed his new address and precinct but had not made such changes with the Board of Elections is invalid for his rights as an elector are dormant until

the registration records are corrected to conform to his changed situation.

(e) The 25 persons requesting the revocation of previous withdrawals, in our opinion, effected the reinstatement of their signatures. If the law permits withdrawals up until the time that official action is taken upon the petition, a liberal construction of the law requires that such persons also be permitted to reconsider their withdrawals within the same time interval in order to give them every opportunity to exercise this fundamental right.

State, ex rel v. Lloyd, 6 Abs 635.

"Revocation of withdrawal of name from referendum petitions, may be made up to time of bringing of action in mandamus "

(f) Resume

          288 valid signatures (unquestioned)
           23 valid signatures (b) above.
           21 valid signatures (b) above.
            5 valid signatures (b) above.
            2 valid signatures (b) above.
           25 valid signatures (e) above.
          ―――
          364 TOTAL VALID SIGNATURES.

Since 371 valid signatures were needed on the petition under the charter of Mayfield Heights, and it being obvious from the above that such condition had not here been met, the Clerk of Council acted properly in reporting it insufficient to the Council of Mayfield Heights.

Respondents claim that the Committee, under §731.32 R. C., was required to file a verified copy of the proposed ordinance with the City Auditor or Clerk. We do not agree with that contention. The charter of Mayfield Heights, Article VIII, Section 4, requires that each part of the petition shall contain "a full and correct copy of the title and text of the proposed or referred ordinance." The petitioners complied with this provision of the charter. The reference to the general law in the charter, under the heading of Initiative, Referendum and Recall Petitions, refers only to the general law with respect to the signing, circulating, form and affidavit of the petition and not to general requirements otherwise in referendum proceedings.

We do not find that the evidence, by a preponderance, supports the claim of the defendant that the affidavit of Exhibit C-23 was false.

Courts should be liberal in construing the right of citizens to invoke the constitutional privilege of referendum because such right is an invaluable arm of the democratic process. In so doing, however, courts cannot disregard the clear and mandatory requirements of law with respect to its exercise.

Writ denied. Exceptions. Order see journal.

SKEEL, J, HURD, J, concur.