THE STATE, EX REL. WILSON ET AL., *v.* BOARD OF EDUCATION OF SHELBY COUNTY SCHOOL DISTRICT.*

(No. 175—Decided August 22, 1956.)

*Mr. Harry K. Forsyth,* for relators.
*Messrs. Knepper, White, Richards, Miller & Roberts,* for respondent.

WISEMAN, J. This cause is submitted on a demurrer to respondent's answer. Relators filed a petition in mandamus in this court praying that a writ be issued to the Board of Education of Shelby County School District requiring it to file copies

---

*Judgment affirmed, 166 Ohio St., 260.

of the resolution which requested the transfer of certain territory to the Sidney City School District with the State Board of Education, in conformity with the provisions of Section 3311.23, Revised Code. Respondent board filed an answer in which it alleged that after the petition for transfer of the territory was filed with it, and before any official action was taken thereon, a number of signers on the petition withdrew their signatures, thereby reducing the number of signers on the petition to less than 75 per cent of the qualified electors residing in the territory sought to be transferred. Relators demur to the answer on the ground that the answer is insufficient in law to constitute a defense.

Counsel agree that the sole question is whether signers may withdraw their signatures from the petition while action on the petition is pending before the county board of education.

At common law the signers of a transfer petition could withdraw their signatures at any time before official action was taken on it. The leading case in Ohio establishing this rule of law is *State, ex rel. Kahle,* v. *Rupert, Aud.,* 99 Ohio St., 17, 122 N. E., 39, wherein the court in its opinion on page 18 held:

"In the absence of statutory provisions to the contrary an elector signing a petition authorized by the statutes of this state, invoking either official or judicial action, has a right to withdraw his name from such petition, or, if he be the sole petitioner, to dismiss the same at any time before judgment has been pronounced, or before official action has been taken thereon."

See, also, *County Board of Education of Putnam County* v. *Board of Education of Hartsburg Rural Special School Dist.,* 112 Ohio St., 108, 111, 146 N. E., 812.

Section 3311.23, Revised Code, contains the following provision:

"For a period of ten days after such hearing the petitioners who signed the original petition which was filed with the county board of education pursuant to this section may request that their names be removed from such petition."

The hearing referred to in the above quoted section is a hearing to be held by the State Board of Education. The statute is silent with respect to the right of the signers of the peti-

tion to withdraw their signatures at any time prior to a hearing by the State Board of Education.

The precise question to be determined is whether the provision giving the right to signers to withdraw their signatures within ten days after the hearing by the State Board of Education abrogated the right of the signers to withdraw their signatures from the petition at any earlier date, which right was granted by common law. It must be presumed that the Legislature, in enacting Section 3311.23, Revised Code, and in particular the provision with respect to the right of the signer of the petition to withdraw his signature within ten days after the hearing by the State Board of Education, was mindful of such long-established principle of the common law. *Davis* v. *Justice,* 31 Ohio St., 359, 364, 27 Am. Rep., 514; *Thompson* v. *Thompson,* 218 U. S., 611, 618, 54 L. Ed., 1180, 31 S. Ct., 111; 37 Ohio Jurisprudence, 587, Section 328.

Being mindful of the common-law rule, did the Ohio Legislature intend to abrogate such rule? In the interpretation of a statute, the court will not presume it was the legislative intent to abrogate or derogate the common law. Such legislative intent must plainly appear. *Barber* v. *Knowles,* 77 Ohio St., 81, 86, 82 N. E., 1065. *State, ex rel. Morris,* v. *Sullivan,* 81 Ohio St., 79, 95, 90 N. E., 146. Such legislative intention does not plainly appear here. Without here taking the time or space to trace the history and development of this section, this court, after giving due consideration to the contention of counsel and authorities cited, concludes that the Legislature intended only to grant an additional right to a signer of a petition by extending the time within which such signer may withdraw his signature from the petition. Any other construction would present a situation where a number of signers had changed their position and wished to withdraw their signatures but could not do so until after the proceedings had taken place before the county board of education and official action taken thereon and the matter transferred to the State Board of Education and a hearing had thereon.

This court concludes that the right at common law given to a signer to withdraw his signature from a petition before of-

ficial action was taken by the county board of education has not been abrogated by Section 3311.23, Revised Code.

*Demurrer overruled and petition dismissed.*

MILLER, P. J., and HORNBECK, J., concur.