STEVENS ET AL., APPELLANTS, *v.* BOARD OF ELECTIONS OF
HENRY COUNTY, APPELLEE.

(No. 362—Decided June 28, 1957.)

*Mr. James Donovan,* for appellants.
*Mr. Marlowe Witt,* for appellee.

MIDDLETON, P. J. This action was brought by the plaintiffs
to enjoin the Board of Elections of Henry County, Ohio, from
submitting to the electors of the village of Holgate a referen-
dum on an ordinance passed by the village council consenting to
the detachment of certain real estate, owned by the plaintiffs,
from the village of Holgate.

The facts are not in dispute. It is, by the pleadings and the
stipulation, agreed that:

On September 21, 1956, the council of the village of Hol-
gate passed ordinance No. 322 granting assent to the detach-
ment from the village of Holgate, of the real estate described
in the petition.

On October 16, 1956, there was filed with the village clerk a
referendum petition to submit the ordinance to the voters of the
village, which contained the genuine signatures of 70 electors of
the village, being more than ten per cent of the votes cast with-
in the village at the last preceding general election for the office
of governor which, by stipulation, it is agreed was 414.

On the 7th day of November, 1956, there was filed with the
village clerk a petition signed by 30 persons who had previously

signed the referendum petition, withdrawing their names from the referendum petition. The withdrawal of these signatures reduced the required number of electors below the necessary minimum for a referendum.

On November 9, 1956, four signers of the withdrawal petition filed with the clerk a request that their names be left on the referendum petition and that their names be withdrawn from the withdrawal request.

On November 12, 1956, the village clerk certified the ordinance to the Board of Elections of Henry County for submission to the electors of Holgate at the next general election.

It appears from an examination of the referendum petition that 8 signers of the petition, opposite their signatures in the column marked "Residence, No. Street," gave only a street name without stating any house number.

There are two questions presented for the court's determination.

First. Are the signatures of the 4 electors who first signed a referendum petition, then signed a withdrawal petition, and finally signed a written request that their names be left on the referendum petition and withdrawn from the withdrawal request, valid signatures to be counted for the referendum? If they are valid signatures to be counted, then the referendum petition contains sufficient names to require submission of the question to the electors at the next general election. If they are not valid signatures, then the petition is insufficient and the plaintiffs must prevail.

Second. Does failure of the referendum petition to show the house number of the residence of the 8 signers to the petition invalidate the signatures of such signers?

The right of an elector to revoke his previous withdrawal of his signature to a referendum petition has been upheld in the decisions of two Courts of Appeals of Ohio.

In the case of *State, ex rel. McMillen,* v. *Lloyd* (Sixth Appellate District, Wood County), 6 Ohio Law Abs., 635, the same controlling facts appear as are presented in the case at bar. In commenting on the case of *State, ex rel. Kahle,* v. *Rupert, Aud.,* 99 Ohio St., 17, 122 N. E., 39, the court at page 635 (6 Ohio Law Abs.) states:

"The Supreme Court having held in the case cited that withdrawals could be made, it would seem to follow as a matter of justice and reason that revocation of such withdrawals could be made during the same period of time—that is, in this case, up to the time of the bringing of the action in mandamus. To hold otherwise would place the signers of referendum petitions at the mercy of those who, perchance, signed for the very purpose of subsequently withdrawing and thus nullifying the petition, thereby defeating the purpose of the referendum statute."

In the case of *Lynn* v. *Supple* (Eighth District Court of Appeals), 75 Ohio Law Abs., 444, 134 N. E. (2d), 93, 25 persons requested a revocation of previous withdrawals of their signatures to a referendum petition. Judge Kovachy, in his opinion, speaking for the court, stated:

"The 25 persons requesting the revocation of previous withdrawals, in our opinion, effected the reinstatement of their signatures. If the law permits withdrawals up until the time that official action is taken upon the petition, a liberal construction of the law requires that such persons also be permitted to reconsider their withdrawals within the same time interval in order to give them every opportunity to exercise this fundamental right."

"Courts should be liberal in construing the right of citizens to invoke the constitutional privilege of referendum because such right is an invaluable arm of the democratic process. In so doing, however, courts cannot disregard the clear and mandatory requirements of law with respect to its exercise."

That case was appealed to the Supreme Court, *Lynn* v. *Supple, Clerk,* 166 Ohio St., 154, 140 N. E. (2d), 555, and the judgment of the Court of Appeals was affirmed. However, on the question of the right of signers to revoke a withdrawal of their names from a referendum petition, the court expressed no opinion. The court followed and approved its former decision in the case of *State, ex rel. Kahle, v. Rupert, Aud., supra* (99 Ohio St., 17), and in commenting upon this former case, at page 158 (of 166 Ohio St.) states:

"* * * *'In such proceeding,* the question of the *sufficiency* of the *referendum petition* will be *determined as of the date of the commencement of the action.'* "

This court approves the holding of the Court of Appeals in *McMillen* v. *Lloyd,* 6 Ohio Law Abs., 635, and *Lynn* v. *Supple, supra* (75 Ohio Law Abs., 444), and, adopting the views therein expressed and applying them to the case at bar, holds that the 4 electors had the right to revoke the withdrawal of their signatures and reinstate their signatures on the referendum petition.

On the referendum petition 8 signers failed to state, following their signatures, the number of their residence, giving only the name of the street. This, the plaintiffs claim, is fatal and that the signatures of those signers who failed to give a street number may not be counted as valid signatures on the referendum petition. If these signatures may not be counted, the petition is insufficient. This question is not raised by the pleadings but was argued in the court below and in this court.

The record fails to show, either affirmatively or negatively, whether house numbers have been assigned the residences of the 8 signers. The purpose for stating the number and street is to determine whether the signer is a qualified elector of the village affected by the ordinance.

The parties have stipulated that all signatures on the referendum petition are the signatures of qualified electors of the village of Holgate.

The appellants cite the case of *State, ex rel. Poor,* v. *Addison et al., Council,* 132 Ohio St., 477, 9 N. E. (2d), 148, in support of their claim that failure to state the number of the residence invalidates the signature. The case cited involved a proposal to amend the Charter of the City of Columbus, and the question of whether in a registration city the name of each person signing the petition must be followed by the designation of the street and number and the ward and precinct in which such elector lived. Columbus is a charter city and registration is required. The court, in its opinion, at page 480 (132 Ohio St.), in commenting upon the requirement to give the street and number and the ward and precinct of the signer, states:

"The reason for such a provision is not hard to find, especially in a registration city the size of Columbus. When an elector is registered for the purpose of voting, or exercising his elective franchise, it is necessary for him to give the ward and precinct in which he lives, and this appears in the permanent

record of his registration. Furthermore, under Ohio law, if he lives in a registration precinct he is not a qualified elector unless so registered. * * *''

In the case at bar, registration is not required in the village of Holgate, and all signatures on the referendum petition are admitted by the parties to be qualified electors of the village. We hold that the failure to include a house number, under the facts in this case, did not invalidate the 8 signatures on the referendum petition.

We find, on the issues joined, in favor of the defendant, and injunction as prayed for by the plaintiffs is denied.

*Judgment accordingly.*

YOUNGER and GUERNSEY, JJ., concur.