OPINION.
{¶ 1} Defendant-appellant Jacqueline N. Price ("Price") brings this appeal from the judgment of the Court of Common Pleas of Union County granting summary judgment to plaintiff-appellee American Manufacturers Mutual Insurance Co ("American").
 {¶ 2} On February 12, 1999, the vehicle driven by Price was struck by a vehicle driven by Jeffrey Howard. The accident resulted in serious personal injuries to Price and the loss of her unborn child. Price subsequently settled her claims with Howard for the policy limits of his insurance policy. At the time of the collision, Price was living with Gary Price and his wife Paula. Price is not the biological child of either Gary or Paula. However, Gary was previously married to Price's mother. Paula was employed by Powell Family Medical Center at the time of the accident. On June 11, 2001, counsel for Price contacted Paula's employer and asked for the identity of its commercial insurer for the purpose of filing a claim pursuant to the Ohio Supreme Court's decision inScott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660,710 N.E.2d 1116. American responded by letter on July 9, 2001, and informed Price that it was investigating the claim.
 {¶ 3} On July 25, 2002, American filed a declaratory judgment action requesting that the trial court find that coverage was not provided under the terms of the policy. Both parties filed motions for summary judgment. On March 19, 2003, the trial court granted summary judgment to American and denied summary judgment to Price. The trial court found that Price was not an insured under the language of the policy. It is from this judgment that Price appeals and raises the following assignment of error.
The trial court erred to the prejudice of [Price] in sustaining[American's] motion for summary judgment and in overruling [Price's]motion for summary judgment on the grounds that [Price] was not entitledto UM/UIM coverage under the commercial automobile policy issued by[American] because she was not a relative of [American's] insured'semployee.
 {¶ 4} When reviewing a motion for summary judgment, courts must proceed cautiously and award summary judgment only when appropriate.Franks v. The Lima News (1996), 109 Ohio App.3d 408, 672 N.E.2d 245. "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex rel. Howard v. Ferreri (1994),70 Ohio St.3d 587, 589, 639 N.E.2d 1189. However, the nonmoving party must present evidence on any issue for which it bears the burden of production at trial. Wing v. Anchor Media, Ltd. of Texas (1991),59 Ohio St.3d 108, 570 N.E.2d 1095. When reviewing the judgment of the trial court, an appellate court reviews the case de novo. Franks, supra.
 {¶ 5} An insurance policy is a contract and the relationship between the insured and the insurer is purely contractual in nature.Scott-Pontzer, supra. In this case, the language of the insurance contract in question states in pertinent part as follows.
B. Who Is An Insured
 1. You.
 2. If you are an individual, any "family member."
 * * *
 3. Additional Definitions
 As used in this endorsement:
 1. "Family member" means a person related to you by blood, marriage oradoption who is a resident of your household, including a ward or fosterchild.
Policy, 1-2, 4.
 {¶ 6} In this case, the insured is Paula. Paula is married to Gary who was formerly married to Price's mother. Thus Gary is related to Price by affinity. There is no question that Price resided with Gary and Paula at the time of the accident, although she was not a minor child at that time. The only question before this court is whether Price is related to Paula, the insured, by affinity. The case law in Ohio has held that the step-child/step-parent relationship continues beyond the termination of the marriage. See In re McGraff's Estate (1948), 38 O.O. 187, 83 N.E.2d 427. However, there is no authority to find that this relationship will extend to any subsequent marriages of the step-parent. When a step-parent remarries after the termination of the prior marriage no relationship is formed between the new spouse and the step-children. Since the contract requires that Price be a family member of Paula, as the insured, in order to be covered, coverage is not available for Paula.
 {¶ 7} Additionally, the policy designates covered autos as those owned by the named insured, which is the corporation. This court has previously held that an insurance company can limit covered automobiles to those owned by the corporation since a corporation can own vehicles.Frish v. CNA Commercial Ins. 3rd Dist. Nos. 13-02-36 and 13-02-40,2003-Ohio-1574. In this case the American policy limited the covered automobiles. The policy states that the insurance does not apply to bodily injury sustained by any family member who is occupying a vehicle owned by that family member and is not a covered auto. Policy, 2. In this case, Price was driving an automobile that she personally owned. The vehicle was neither specifically covered by the policy nor owned by the corporation. Thus, under the policy, Price is precluded from recovering from bodily injury sustained while in her personal vehicle. Frisch, supra. The assignment of error is overruled.
 {¶ 8} The judgment of the Court of Common Pleas of Union County is affirmed.
Judgment affirmed.
WALTERS and CUPP, JJ., concur.