Young, Admx., Appellant, *v.* The New York Central Rd. Co., Appellee.

(Decided May 24, 1939.)

*Mr. D. W. Myers* and *Mr. R. S. Horan,* for appellant.
*Mr. H. C. Johnson,* for appellee.

Doyle, J. The sole question for determination in this appeal on questions of law from the Court of Common Pleas of Lorain county is whether Section 10216, General Code, is applicable to the computation of the time within which an action may be brought for wrongful death within the provisions of Section 10509-167, General Code.

The Court of Common Pleas held that it was not applicable and sustained a demurrer to the petition.

Section 10216, General Code, provides:

"Unless otherwise specifically provided, the time within which an act is required by law to be done shall be computed by excluding the first day and including the last; except that the last shall be excluded if it be Sunday."

Section 10509-167, General Code, creating the right of action for wrongful death, provides in part:

"* * * Except as otherwise provided by law, every

such action must be commenced within two years after the death of such deceased person. * * *''

It is contended by the appellee (The New York Central Railroad Company) that because the wrongful death statute, *supra,* fixes the time limit within which the action may be brought and ''is not merely a limitation of the remedy, but is a part of the right of action itself,'' the Code section 10216 does not apply.

It is the general rule in Ohio, and this court has so held (*McCampbell* v. *Southard,* 62 Ohio App., 339), following the rule quoted and approved in *Errett, Gdn.,* v. *Howert,* 78 Ohio St., 109, 84 N. E., 753, that there is ''a wide distinction * * * between pure statutes of limitation and special statutory limitations qualifying a given right. In the latter instance time is made an essence of the right created and the limitation is an inherent part of the statute or agreement out of which the right in question arises, so that there is no right of action whatever independent of the limitation. A lapse of the statutory period operates therefore, to extinguish the right altogether.''

In the wrongful death statute cited, *supra,* there is no right of action independent of the time limitation.

It is the opinion of the members of this court that, while recognizing the distinction noted above, Section 10216, General Code, is nevertheless applicable to the computation of time under the wrongful death statute.

There are authorities which make a distinction between a requirement that an act be done within a particular time ''after'' a specified day, and within a particular period ''beginning'' with a specified day; but if such distinction has ever obtained in Ohio no such distinction has existed since the adoption of the law that is now known as Section 10216, General Code.

We think the language used in *State* v. *Elson,* 77 Ohio St., 489, 83 N. E., 904, and subsequently quoted in *Neiswander* v. *Brickner,* 116 Ohio St., 249, 156 N. E., 138, is persuasive, and, although not there applied to the

wrongful death statute, is applicable to the wrongful death statute under consideration in this case. It is as follows:

"It must, we think, be conceded, in obedience to the clear weight of authority, that in the absence of language compelling the application of a different rule, the established general rule governing the computation of time, whether at common law or under the statute, is that the first day of the period named is to be excluded, and the last-named day is to be included, and that this rule applies alike to all provisions for the computation of time whether in civil or criminal cases. In this state it is provided by Section 4951, Revised Statutes (Civil Code), that: *"Unless otherwise specially provided,* the time within which an act is required by law to be done shall be computed by excluding the first day and including the last; and if the last be Sunday, it shall be excluded." True this provision applies in terms, only to the computation of time within which an act is *required* by law to be done; but we can see no good or sufficient reason, nor has any been suggested, why the same rule of computation should not be applied in computing the time within which an act is *permitted* by law to be done. The mode of computing time in any particular case or class of cases, is of far less importance than that there should be *some established and uniform rule on the subject.* Obviously, it is not for the public good, nor in the interest of the due administration of justice, that there should be two rules, or that the rule should be different or less certain in criminal than it is in civil cases. In our opinion this rule of the statute should be followed and applied in the interpretation and construction of *all* statutes, *save those where the language of the provision as to time, itself clearly forbids it."* (Italics ours.)

*Judgment reversed and cause remanded.*

Washburn, P. J., and Stevens, J., concur.