RITZ, Appellant,

v.

BROWN et al., Appellees.

[Cite as *Ritz v. Brown* (1989), 61 Ohio App.3d 65.]

Court of Appeals of Ohio,
Putnam County.

No. 12-86-10.

Decided Feb. 15, 1989.

*Buchanan & Stotzer* and *Jonathan G. Stotzer,* for appellant.

*Stephen C. Betts* and *Kevin C. Smith,* for appellees Robert Kabbas and Putnam County Board of Mental Retardation.

*Jean Sieler* and *Julia S. Wiley,* for appellee Larry Schroeder.

*David A. Hyman,* for appellee Ruby Hahn.

Shaw, Judge.

This is an appeal from a judgment entered in the Common Pleas Court of Putnam County dismissing a wrongful death complaint.

The plaintiff-appellant is Delores Ritz, the mother and legal guardian of the decedent, Connie Lee Wright. The decedent suffered from Down's Syndrome and other medical problems and was forty years old at the time of her death. As a result of her condition, the decedent had been a resident in various institutions operated by the defendants-appellees.

The suit is based on the alleged negligent and intentional misconduct of the defendants-appellees while the decedent was in their care, which, according to the complaint, was for a period of six years, from 1978 until her death in 1984. The complaint, filed June 9, 1986, consists of ten counts, charging wrongful

death, assault, negligence, breach of contract, wrongful infliction of emotional distress, negligent failure to care, treat and protect, fraud, negligent failure to make timely report of a resident's condition to her family and government and negligent failure to investigate, supervise and regulate.

The plaintiff initiated this suit against the following defendants-appellees, individually and in their official capacities at their respective institutions: Robert Kabbas, Director of Adult Services, Brookhill Center; Ruby Hahn, Administrator, Hahn Group Home; Larry Schroeder, Director of Adult Services, Calvary Manor; and the Putnam County Board of Mental Retardation. When originally filed, the complaint also named as defendants various state agencies that were subsequently dismissed as parties for lack of jurisdiction.

Defendant Ruby Hahn moved for a dismissal of the action on two grounds: (1) the statute of limitations for filing the wrongful death action had expired; and (2) the complaint failed to state a claim upon which relief could be granted. The remaining defendants filed answers also asserting that the wrongful death action was barred by the statute of limitations and that the complaint failed to state a claim.

On September 24, 1986, the trial court filed a decision and judgment entry dismissing the complaint as to all the defendants. The court concluded that the wrongful death action was untimely and that the remaining counts of the complaint failed to state a claim. The trial court granted the plaintiff fourteen days to amend her complaint.

The plaintiff did not amend the complaint and appeals from the trial court's judgment entry dismissing the same, asserting the following as error:

I. "The trial court erred in dismissing appellant's wrongful death claim on the basis that the claim was filed after the running of the statute of limitations."

II. "The trial court erred in dismissing appellant's cause of action under Civil Rule 12(B)(6) for failure to state a claim upon which relief may be granted due to an alleged failure by the appellant to state her claim with specificity."

█ The sole question for determination under the first assignment of error is whether R.C. 1.14 is applicable to the computation of time within which an action may be brought for wrongful death within the provisions of Ohio's wrongful death statute, R.C. 2125.02.

R.C. 1.14 provides in pertinent part:

"The time within which an act is required by law to be done shall be computed by excluding the first and including the last day; except that when

the last day falls on Sunday or a legal holiday, then the act may be done on the next succeeding day which is not a Sunday or a legal holiday.

*"When a public office in which an act, required by law, is to be performed is closed to the public for the entire day which constitutes the last day for doing such act \* \* \*, then such act may be performed on the next succeeding day which is not a Sunday or a legal holiday as defined in this section."* (Emphasis added.)

R.C. 2125.02(D) provides as follows:

"An action for wrongful death shall be commenced within two years after the decedent's death."

The complaint, filed June 9, 1986, alleges that the decedent died on June 7, 1984; therefore, the complaint was filed two years and two days after the decedent died. The courthouse was closed on Saturday, June 7, 1986 and Sunday, June 8, 1986. The plaintiff contends that the complaint was timely because, pursuant to R.C. 1.14, the day the action was filed was the first business day that the courthouse was open after June 6, 1986.

In its decision dated September 24, 1986, the trial court held that because the two-year time limitation set forth in R.C. 2125.02(D) "is an essential element which qualifies the right of action itself and is not merely a time limitation upon the remedy," R.C. 1.14 does not apply to wrongful death actions. The court thus determined that the plaintiff's wrongful death action was extinguished by her failure to file the complaint within the two-year limitation period.

On the basis of their position that a wrongful death action is one which is statutorily created, without any origins in the common law, Ohio courts have long held that the limitations period set forth in R.C. 2125.02(D) is an integral element of the right of action itself. See *Pittsburg[h], Cincinnati & St. Louis Ry. Co. v. Hine* (1874), 25 Ohio St. 629; *Sabol v. Pekoc* (1947), 148 Ohio St. 545, 36 O.O. 182, 76 N.E.2d 84; *Klema v. St. Elizabeth's Hosp.* (1960), 170 Ohio St. 519, 11 O.O.2d 326, 166 N.E.2d 765.

" \* \* \* Commencing the action within the prescribed time is a necessary element of the right to bring it and if a petition shows upon its face that it is not filed within the two-year period, a demurrer to it must be sustained, not because a statute of limitation is interposed as a defense but because an averment of an essential element of the action is absent." *Sabol, supra,* at 554–555, 36 O.O. at 186, 76 N.E.2d at 89.

The trial court, in dismissing the plaintiff's wrongful death action, relied upon the recent holding in *Taylor v. Black & Decker Mfg. Co.* (1984), 21 Ohio App.3d 186, 21 OBR 199, 486 N.E.2d 1173, that the time limitation imposed by

R.C. 2125.02(D) is not tolled by a beneficiary's minority. Likewise, in *Sabol, supra,* the Supreme Court of Ohio held that the limitations period imposed by the wrongful death statute is not tolled by a defendant's fraudulent conduct.

However, we do not believe that the cited cases are determinative of whether R.C. 1.14 is applicable to wrongful death actions. Moreover, the established precedent does not address how the two-year time limitation imposed by R.C. 2125.02(D) is to be construed in light of Civ.R. 6(A), which provides as follows:

"(A) Time: Computation. In computing *any* period of time prescribed or allowed by * * * any applicable statute, the date of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, *unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday.* * * * When a public office in which an act, required by law, rule, or order of court, is, to be performed is closed to the public for the entire day which constitutes the last day for doing such an act, or before its usual closing time on such day, then such act may be performed on the next succeeding day which is not a Saturday, a Sunday, or a legal holiday." (Emphasis added.)

■ It is the opinion of this court that both R.C. 1.14 and Civ.R. 6(A) are applicable to the computation of the limitations period under the wrongful death statute. As previously stated, it is settled law in Ohio that conditions that may ordinarily toll pure statutes of limitations have no effect upon special statutory limitations qualifying a given right, such as the limitation imposed by R.C. 2125.02(D). On this basis, the defendants argue that the effect of applying R.C. 1.14 to wrongful death actions is to improperly toll the two-year limitations period. However, we believe that the instant case presents a unique situation that does not constitute a *tolling* of R.C. 2125.-02(D) within the meaning of the established case law.

As the plaintiff argues in her brief, tolling provisions commonly operate to allow individuals under a defined disability an *indefinite* extension of time in which to bring an action. On the other hand, provisions governing computation of time place all individuals on equal footing by giving them an equal and *limited* amount of time in which to act. Perhaps the distinction between tolling and the calculation of time pursuant to R.C. 1.14 and Civ.R. 6(A) is best made by looking to the purpose of R.C. 2125.02(D).

The court in *Taylor v. Black & Decker, supra,* at 189, 21 OBR at 202, 486 N.E.2d at 1177, in interpreting the purpose of R.C. 2125.02(D) stated:

" * * * In a similar manner, R.C. 2125.02(D) imposes a limitation on a wrongful death action which requires the action to be brought within two years after the decedent's death. *Such a requirement is designed to prevent the very situation present in the case at bar, namely, an indefinite period of liability for a defendant, which results in the bringing of an action almost nine years after the decedent's death.*" (Emphasis added.)

Tolling of the two-year limitations period because of the minority of a beneficiary as in *Taylor, supra,* or because of the fraudulent conduct of a defendant, as in *Sabol, supra,* does indeed present the possibility of an indefinite period of liability for a defendant. However, calculation of the two-year period pursuant to R.C. 1.14 and Civ.R. 6(A) provides a plaintiff a maximum of two days beyond the two-year anniversary date of the decedent's death to institute a wrongful death action. We believe that computing the last day of a limitations period to exclude Saturday or Sunday, or allowing a plaintiff to file a complaint two years and two days after the decedent's actual death, because the office for performing the act was closed, does not defeat the legislative intent that a defendant's liability for wrongful death be of definite and limited duration.

Moreover, in our opinion, the legislature has evinced an intent that both R.C. 1.14 and Civ.R. 6(A) be applied to all actions permitted or required to be done under Ohio law. The Revised Code is divided into titles from 1 through 61. Prior to Title 1 in the Revised Code are five chapters called General Provisions and the first of these, Chapter 1, is called "Definitions; Rules of Construction." It was in this chapter that the General Assembly in 1961 placed the language which is now R.C. 1.14. We believe that placement of a section governing computation of time in the general definitive provisions of the code evinces the legislature's intent that the time for performing all acts required or permitted under law be calculated pursuant to that section.

Our views in this regard are supported by the great weight of authority that R.C. 1.14 is applicable to all computations of time under Ohio law. See, *e.g., State v. Elson* (1908), 77 Ohio St. 489, 83 N.E. 904; *Neiswander v. Brickner* (1927), 116 Ohio St. 249, 156 N.E. 138; *Ohio Power Co. v. Davidson* (1934), 49 Ohio App. 184, 2 O.O. 448, 195 N.E. 871; *Leibrock v. Briggs* (1955), 99 Ohio App. 452, 59 O.O. 227, 134 N.E.2d 392. Moreover, this was the conclusion specifically reached by the court in *Young v. N.Y. Central RR. Co.* (1939), 64 Ohio App. 362, 18 O.O. 149, 28 N.E.2d 687, which held that the provisions of R.C. 1.14, formerly Section 10216, General Code, are applicable to wrongful death actions, notwithstanding the established precedent in Ohio that a lapse of the statutory period for bringing an action operates to extinguish the right of action altogether.

Of no less importance is Civ.R. 1, which provides as follows:

"RULE 1. Scope of rules: applicability; construction; exceptions

"(A) Applicability. These rules prescribe the procedure to be followed in all courts of this state in the exercise of civil jurisdiction at law or in equity, with the exceptions stated in subdivision (C) of this rule.

"* * *

"(C) Exceptions. These rules, to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure (1) upon appeal to review any judgment, order or ruling, (2) in the appropriation of property, (3) in forcible entry and detainer, (4) in small claims matters * * *, (5) in uniform reciprocal support actions, (6) in the commitment of the mentally ill, (7) in all other statutory proceedings * * *."

Clearly, there is nothing in Civ.R. 1 or Civ.R. 6(A) purporting to except operation of the Rules of Civil Procedure from actions brought pursuant to R.C. 2125.02. Consequently, we believe that we may properly infer an intent from the Civil Rules (propounded by the Supreme Court and enacted by the legislature) that Civ.R. 6(A) be applied to actions brought under the wrongful death statute. Therefore, in the instance where the two-year limitations period under R.C. 2125.02(D) expires on a Saturday or a Sunday, those days are excluded from the computation of the limitations period, and a complaint filed on the following Monday is timely.

Furthermore, we believe that the absence of any provision in R.C. 2125.02 specifically excluding the operation of R.C. 1.14 and Civ.R. 6(A) from the computation of the two-year limitations period also evinces a legislative intent that those computation provisions be applied. This view was also expressed by the Supreme Court of Ohio in *State v. Elson, supra,* and although not there applied to the wrongful death statute, the language used by the court is nevertheless applicable to the facts under consideration in this case. In determining the applicability of R.C. 1.14, formerly Section 4951, Revised Statutes, the court in *Elson, supra,* 77 Ohio St. at 496, 83 N.E. at 906, stated as follows:

" * * * The mode of computing time in any particular case or class of cases, is of far less importance than that there should be some established and uniform rule on the subject. * * * In our opinion this rule [Section 4951, Revised Statutes] * * * should be followed and applied in the interpretation and construction of all statutes, *save those where the language of the provision as to time, itself clearly forbids it.* * * * " (Emphasis added.)

■ Finally, there is a further consideration that leads us to conclude that, in this case, Saturday, June 7 and Sunday, June 8, should be excluded from

the computation of the two-year limitations period. In our judgment, to construe R.C. 2125.02(D) as a denial of a plaintiff's opportunity to bring a wrongful death action because the limitations period expires on a date that the courthouse is closed penalizes that party for not initiating the action within a shorter time period than is allowed by the statute. As was observed by the court in *Elson, supra,* at 497, 83 N.E. at 906, principles of statutory construction require "that a statute shall, if possible, be so construed as to avoid a penalty or forfeiture."

We believe that our views in this regard are supported by basic principles of statutory construction, and therefore conclude that the plaintiff's wrongful death action was timely filed. Accordingly, the plaintiff's first assignment of error is well-taken and is hereby sustained.

We turn now to a determination of the plaintiff's second assignment of error, wherein she contends that the trial court erred in dismissing the remaining counts of the complaint for failure to state a claim.

The complaint alleges that the decedent initially came under the defendants' care in 1978. It is further alleged that the claimed negligent and intentional misconduct of the defendants began in 1978 and continued until the decedent's death in 1984. The complaint includes four counts alleging negligence, one count alleging fraud, one count alleging breach of contract, two counts alleging wrongful infliction of emotional distress and one count alleging assault.

In its decision, the trial court found that "in the various counts of the complaint, the plaintiff * * * failed to set forth when, where, what, and by whom specific acts of negligence or intentional conduct occurred." On this basis, the court dismissed the complaint for failure to state a claim upon which relief could be granted and allowed the plaintiff fourteen days to amend the complaint.

We sustain the trial court's judgment as to Count VII of the complaint. In Count VII, the plaintiff alleges that the defendants Hahn and Calvary Manor "did through fraud and misrepresentation obtain sums of money, the amount being unknown * * * from the decedent's financial assistance benefits." Count VII also states that the defendants' fraudulent conduct consisted of charging items to the decedent that were not properly chargeable.

Civ.R. 9(B) provides that "all averments of fraud * * * shall be stated with particularity." The requirements of Civ.R. 9(B) have been construed as follows:

"In order to state the circumstances constituting fraud with particularity, a complaint must state who made the misrepresentations, when those misrepre-

sentations were made, what the misrepresentations were, and how they were directed to the plaintiffs.  * * * " *Zerman v. Ball* (C.A.2, 1984), 735 F.2d 15, 22.

■   Failure to plead fraud with particularity justifies dismissal of the allegation for failure to state a claim. *Ross v. A.H. Robbins Co.* (C.A.2, 1979), 607 F.2d 545.

In the instant case, the allegations of Count VII do not designate what specific misstatements were made by the defendants, nor does the complaint state the occasions upon which the alleged misstatements were made.  Based on these deficiencies, we conclude that Count VII of the complaint, alleging the fraudulent conduct of the defendants, fails to state a claim upon which relief can be granted.  Accordingly, we sustain the trial court's judgment dismissing Count VII and granting the plaintiff fourteen days to amend.

However, as to the remaining eight counts of the complaint, we conclude that they do state claims upon which relief can be granted.  The test for determining whether to dismiss a complaint, pursuant to Civ.R. 12(B)(6), for failure to state a claim was set forth by the Supreme Court of Ohio in *O'Brien v. Univ. Community Tenants Union* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus, as follows:

"In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted * * *, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery."

Our interpretation of the allegations of the complaint reinforces the concept of "notice pleading" within Civ.R. 8(A).  " * * * Under Civ.R. 8(A) and (E), a claim should concisely set forth only those operative facts sufficient to give 'fair notice of the nature of the action * * *.' [citations omitted]." *Salamon v. Taft Broadcasting Co.* (1984), 16 Ohio App.3d 336, 338, 16 OBR 385, 387, 475 N.E.2d 1292, 1295.

■   We agree that portions of the complaint are vague regarding dates and circumstances surrounding the alleged occurrences.  Nevertheless, it is our conclusion that the complaint contains language which sufficiently discloses both the defendants' alleged breach of duty to the decedent and alleged specific acts of the defendants amounting to intentionally tortious conduct.  The complaint also contains language sufficient to allege breach of contract for the defendants' failure to provide proper residential care to the decedent.

Whether the lack of particularity in the complaint as to either dates or specific circumstances will prove fatal to plaintiff's cause of action is a question which may readily be determined through discovery, followed per-

haps by motions for summary judgment, if appropriate. In any event, it is our conclusion that the complaint, on its face, is sufficient to survive a Civ.R. 12(B)(6) motion to dismiss.

Accordingly, except as to Count VII, the plaintiff's second assignment of error is well-taken and is hereby sustained. For reasons stated earlier, the judgment of trial court dismissing Count VII of the complaint and allowing the plaintiff fourteen days to amend is hereby affirmed. The judgment of the trial court dismissing Counts I, II, III, IV, V, VI, VIII, IX and X of the complaint is reversed and the case is remanded to the trial court for further proceedings in accordance with this opinion.

*Judgment affirmed in part and reversed in part.*

MILLER and EVANS, JJ., concur.