Rel: September 27, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## SPECIAL TERM, 2024

————————————

### SC-2023-0812

————————————

## Ex parte John H. Jones, M.D.

## PETITION FOR WRIT OF MANDAMUS

**(In re: Tracey Grant, as personal representative of the Estate of Aaron McKenzie, deceased**

**v.**

**The Jackson County Health Care Authority d/b/a Highlands Medical Center; John C. Lucke, M.D.; Paul Avenel, M.D.; John H. Jones, M.D.; and Judy B. Haymon Homes, Inc.)**

**(Jackson Circuit Court: CV-23-900034)**

BRYAN, Justice.

John H. Jones, M.D., petitions this Court for a writ of mandamus directing the Jackson Circuit Court to dismiss a wrongful-death

complaint filed by Tracey Grant, as the personal representative of the estate of Grant's brother, Aaron McKenzie, deceased. For the reasons explained below, we deny Dr. Jones's petition.

Background

According to Grant's complaint, at the time of his death on March 5, 2021, McKenzie "suffered from severe mental retardation, developmental disorder, diminished mental capacity, schizophrenia, depression, and anxiety for which he was taking medications"; McKenzie was 40 years old at the time. On March 4, 2021, McKenzie was transported from a group home operated by Judy B. Haymon Homes, Inc. ("Haymon Homes"), to the Highlands Medical Center ("Highlands"), which is operated by the Jackson County Health Care Authority ("the Authority"), to receive treatment for constipation and a bowel obstruction. McKenzie was pronounced dead at 10:18 a.m. the next day, March 5, 2021. According to the complaint, an autopsy indicated that McKenzie's death was caused by "Septicemia due to Klebsiella Oxytoca Infection due to small bowel obstruction."

Grant filed the underlying complaint on March 6, 2023. Grant named as defendants Haymon Homes, the Authority d/b/a Highlands,

2

and the doctors who had allegedly treated McKenzie at Highlands -- Dr. Jones, Dr. Paul Avenel, and Dr. John C. Lucke. In summary, Grant alleged that the Authority, Dr. Jones, Dr. Avenel, and Dr. Lucke had committed medical malpractice by failing to properly treat McKenzie's bowel obstruction. Grant also alleged that Haymon Homes had been negligent in caring for McKenzie.

Dr. Jones filed a motion to dismiss Grant's complaint pursuant to Rule 12(b)(6), Ala. R. Civ. P., arguing that the complaint was barred by § 6-5-410(d), Ala. Code 1975, which provides that wrongful-death actions "must be commenced within two years from and after the death of the testator or intestate." Because McKenzie died on March 5, 2021, Dr. Jones argued that Grant's March 6, 2023, complaint was filed too late.

Grant filed a response, arguing that her complaint was timely filed on March 6, 2023 -- a Monday -- under Rule 6(a), Ala. R. Civ. P., which provides, in relevant part:

> "In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday ...."

3

(Emphasis added.)

The circuit court allowed the parties to submit briefing regarding whether Rule 6(a) applies actions brought under to § 6-5-410. After conducting a hearing, the circuit court entered an order on September 25, 2023, denying Dr. Jones's motion to dismiss. In pertinent part, the circuit court's order stated:

> "The court, as stated on the record at the hearing, has always been of the opinion that the two[1] moving [d]efendants' positions here are correct: that the statute of limitations is not amendable or expandable by Rule 6(a). However, the undersigned, either as judge or previously as lawyer, could find no authority whatsoever for that opinion. Likewise, counsel in the instant case can apparently find no authority for that position either. And perhaps tellingly, the remaining [d]efendants did not join in the moving [d]efendants' motions to dismiss or for judgment on the pleadings. The Court suspects they found no authority for the proffered position either."

Thereafter, Dr. Jones filed a motion asking the circuit court to certify a controlling question of law for this Court to review by way of a permissive appeal under Rule 5(a), Ala. R. App. P., which the circuit court

---

[1]Haymon Homes filed a motion for a judgment on the pleadings in the circuit court, also arguing that Grant's complaint was time-barred. As a respondent, Haymon Homes has filed an answer in this Court supporting Dr. Jones's petition.

denied on October 23, 2023. Dr. Jones thereafter filed this mandamus petition, asking this Court to direct the circuit court to dismiss Grant's complaint.[2]

Standard of Review

"Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court."

Ex parte Integon Corp., 672 So. 2d 497, 499 (Ala. 1995).

"'The general rule is that, subject to certain narrow exceptions, the denial of a motion to dismiss is not reviewable by petition for a writ of mandamus.' Ex parte Brown, 331 So. 3d 79, 81 (Ala. 2021). However,

"'[t]his Court has recognized that an appeal is an inadequate remedy in cases where it has determined that a defendant should not have been

_____

[2]The Authority and Dr. Lucke have filed a joint answer supporting Dr. Jones's petition. Dr. Avenel has also filed an answer supporting Dr. Jones's petition but also alternatively asks that the Court treat the petition as a permissive appeal. However, Dr. Jones's petition does not seek review of the circuit court's October 23, 2023, order denying Dr. Jones's motion seeking the certification of a question of law for the purposes of taking a permissive appeal. Moreover, as noted, Dr. Avenel has not filed a mandamus petition seeking review of the circuit court's decision in that regard. Because, for the reasons explained below, we conclude that Dr. Jones has failed to demonstrate a clear legal right to the relief he seeks, we decline to treat his mandamus petition as a permissive appeal.

> subjected to the inconvenience of litigation because it was clear <u>from the face of the complaint</u> that the defendant was entitled to a dismissal or to a judgment in its favor.'

"<u>Ex parte Sanderson</u>, 263 So. 3d 681, 687-88 (Ala. 2018)(citing <u>Ex parte Hodge</u>, 153 So. 3d 734 (Ala. 2014), and <u>Ex parte U.S. Bank Nat'l Ass'n</u>, 148 So. 3d 1060 (Ala. 2014))."

<u>Ex parte Abbott Lab'ys</u>, 342 So. 3d 186, 193-94 (Ala. 2021)(granting mandamus relief based on the conclusion that it was clear from the face of a plaintiff's complaint that its claims were barred by the applicable statute of limitations).

### Analysis

We conclude that Dr. Jones's petition is due to be denied because he has failed to demonstrate a clear legal right to a dismissal of Grant's complaint. <u>See</u> <u>Ex parte Integon Corp.</u>, 672 So. 2d at 499. The central focus of Dr. Jones's petition is whether Rule 6(a) operates to permit a plaintiff to file a wrongful-death complaint pursuant to § 6-5-410 on "the next day which is not a Saturday [or] Sunday" if the two-year limitations period imposed by § 6-5-410(d) expires on a Saturday or Sunday. After critiquing the authority Grant relies upon in her answer, Dr. Jones candidly offers the following concession in his reply brief: "At the risk of throwing stones from his glass house, Dr. Jones recognizes [that] there is

6

no Alabama case directly on point that controls the outcome of this case."

Dr. Jones's reply brief at 5.

The premise underlying Dr. Jones's position is that § 6-5-410 is a statute of creation, as opposed to a statute of limitations. In Alvarado v. Estate of Kidd, 205 So. 3d 1188, 1192 (Ala. 2016), the Court applied the general rule "that [the] relation[-]back [doctrine] … cannot be used to prevent a wrongful-death claim from being time-barred where the personal representative is appointed after the two-year limitations period has expired." Dr. Jones's mandamus petition relies heavily on Justice Bolin's special concurrence in Alvarado. In pertinent part, Justice Bolin wrote the following:

> "[Section] 6-5-410(d) requires that the wrongful-death action be filed 'within two years from and after the death of the testator or intestate.' This Court has consistently held that 'the wrongful death statute, which provides a two-year limitations period, is a statute of creation, otherwise known as a nonclaim bar to recovery, and that it is not subject to tolling provisions.' Ogle v. Gordon, 706 So. 2d 707, 708 (Ala. 1997)(emphasis added); Ex parte FMC Corp., 599 So. 2d 592, 594 (Ala. 1992)('It is well settled that the time limitation set out in § 6-5-410(d) is part of the substantive cause of action and that it is not subject to any provision intended to temporarily suspend the running of the limitations period. The two-year period is not a limitation against the remedy only, because after two years the cause of action expires.'); see also Cofer v. Ensor, 473 So. 2d 984, 991 (Ala. 1985)(discussing the differences between a statute of creation and a statute of

7

limitations for tolling purposes).  The distinction between these types of limitations was explained at length in 34 Am. Jur. Limitation of Actions § 7 (1941), as follows:

>"'A statute of limitations should be differentiated from conditions which are annexed to a right of action created by statute.  A statute which in itself creates a new liability, gives an action to enforce it unknown to the common law, and fixes the time within which that action may be commenced, is not a statute of limitations.  It is a statute of creation, and the commencement of the action within the time it fixes is an indispensable condition of the liability and of the action which it permits.  The time element is an inherent element of the right so created, and the limitation of the remedy is a limitation of the right. Such a provision will control, no matter in what form the action is brought.  The statute is an offer of an action on condition that it be commenced within the specified time.  If the offer is not accepted in the only way in which it can be accepted, by a commencement of the action within the specified time, the action and the right of action no longer exist, and the defendant is exempt from liability. Whether an enactment is of this nature, or whether it is a statute of limitations, should be determined from a proper construction of its terms. Generally, the limitation clause is found in the same statute, if not in the same section, as the one creating the new liability, but the fact that this is the case is material only as bearing on questions of construction; it is merely a ground for saying that the limitation goes to the right created, and accompanies the obligation everywhere. The same conclusion may be reached if the limitation is in a different statute, provided it is directed to the newly created liability so specifically as to warrant

saying that it qualifies the right. On the other hand, as the result of differences in the statutory provisions under consideration, enactments requiring notice of claim prior to the commencement of suit variously have been held to impose conditions upon the existence of a right of action, to impose upon the jurisdiction of the court, or to constitute statutes of limitation merely affecting the remedy.'"

Alvarado, 205 So. 3d 1188 at 1193-94 (Bolin, J., concurring specially).

Jones also cites Justice Cook's annotations regarding Rule 6(a), which provide:

"The reference in Ala. R. Civ. P. Rule 6(a) to computations under 'any applicable statute' is suitable indicia of an intent for Ala. R. Civ. P. Rule 6 to be applicable to computations of time in connection with statutes of limitation so long as the effect of Ala. R. Civ. P. Rule 6 applicability is procedural and not substantive. Therefore, if the one[-]year statute 'ran' on a Saturday, Ala. R. Civ. P. Rule 6 would permit commencement within the statute of limitations on the next day which was not a Saturday, Sunday or legal holiday if the application of Ala. R. Civ. P. Rule 6 in this context does not alter substantive law on commencement of actions."

1 Gregory C. Cook, Alabama Rules of Civil Procedure Annotated, Rule 6, Author's Comment 6.1 (5th ed. 2018)(emphasis added).

Dr. Jones argues:

"[T]he two-year time period in Section 6-5-410(d) is part of the substantive cause of action. Our Courts have consistently found that a wrongful death cause of action is a statute of creation and, thus, ceases to exist if not properly filed within

9

> this two-year period. For any court to apply Ala. R. Civ. P. 6(a) to Section 6-5-410(d) would impermissibly alter the <u>substantive</u> parts of a wrongful death cause of action. This goes against both the intent of our Legislature in crafting Section 6-5-410(d), as well as the purpose of Rule 6(a). Again, this rule only applies to procedural elements and is not meant to expand the <u>substantive</u> rights of any cause of action."

Petition at 17-18 (emphasis in original).

However, Dr. Jones does not address the entirety of Justice Cook's annotations regarding Rule 6(a) and, in so doing, fails to consider all the pertinent authority. Of note, Dr. Jones repeatedly argues that determining the parameters of § 6-5-410(d) falls within the legislature's purview. As Justice Cook's annotations regarding Rule 6(a) make clear, the legislature has already provided a method for computing the time for doing acts provided by law.

In discussing a case involving the statute of limitations applicable to negligence actions, Justice Cook noted that, in that case, there was "no reference to the <u>ostensibly controlling</u> § 1-1-4 Code of Alabama (1975)[,] which also provides for a similar exclusion of the day of the act in computations of time periods provided by statute." 1 Cook, <u>Alabama Rules of Civil Procedure Annotated</u>, Rule 6, Author's Comment 6.1 (emphasis added).

10

Section 1-1-4, Ala. Code 1975, entitled "Computation of time," provides, in relevant part:

> "Time within which <u>any act is provided by law to be done</u> must be computed by excluding the first day and including the last. However, if the last day is Sunday, or a legal holiday as defined in Section 1-3-8, [Ala. Code 1975,] or a day on which the office in which the act must be done shall close as permitted by any law of this state, the last day also must be excluded, and the next succeeding secular or working day shall be counted as the last day within which the act may be done."

(Emphasis added.)

Thus, even assuming that, as Dr. Jones argues, Rule 6(a) is inapplicable to the requirements of § 6-5-410(d), a question remains regarding whether § 1-1-4 applies to the requirements of § 6-5-410(d). It does not appear that this Court has directly addressed that issue. However, in an unreported decision, the United States District Court for the Southern District of Alabama has concluded that § 1-1-4 <u>does</u> apply to the requirements of § 6-5-410(d); in <u>Mingo v. City of Mobile</u>, Civil Action No. 12-00056-KD-B, Sept. 4, 2013 (S.D. Ala. 2013)(not reported in Federal Supplement), that court analyzed the question as follows:

> "'Alabama courts [] have held that filing deadlines provided by statute are to be read <u>in pari materia</u> with § 1-1-4, Ala. Code 1975.' <u>Ex parte Tellabs Operations, Inc.</u>, 84 So. 3d 53, 57 (Ala. 2011)(reh'g denied Nov. 10, 2011). The Court

11

also takes judicial notice that the Circuit Court of Mobile County, Alabama, is closed on Saturdays. The Alabama Supreme Court has held that when the last day to file falls on a Saturday, and the office in which the filing is to be made is closed on Saturdays, the filing is considered timely when performed the next business day -- Monday. See id. ('Tellabs filed notice of its appeal to the Montgomery Circuit Court on October 18, 2010, 32 days after the entry of the final order. Tellabs notes that the 30th day following the entry of the final order was a Saturday and that the circuit court's offices were closed until the next business day, Monday, October 18, 2010. Tellabs argues that under § 1-1-4, Ala. Code 1975, its appeal was timely. We agree.' (footnote omitted)). See also Randolph v. Tennessee Valley Auth., 792 F. Supp. 1221, 1223-24 (N.D. Ala. 1992)('The starting date for the two-year limitations period was July 7, 1989. The ending date of the two-year period was July 6, 1991. However, July 6, 1991, was a Saturday, and July 7, 1991, was a Sunday ... Section 1-1-4 does not mention, much less expressly exclude, Saturdays for the purposes of time computation under Alabama law. It does provide that a "day on which the office in which the act must be done shall close as permitted by any law of this state" shall also be excluded. Theoretically, this action could have been filed against TVA on July 6, 1991, in any Alabama county courthouse if it was officially open for business on that particular Saturday in the Northern District of Alabama. TVA, however, has produced no evidence to demonstrate that any Alabama courthouse within the 31 counties comprising the Northern District of Alabama, and in which TVA is amenable to service of process, was open to receive court papers on Saturday, July 6, 1991. Therefore, because the actual day which inevitably arrived two years after the accident was a Saturday, followed by a Sunday, the court determines tentatively that Monday, July 8, 1992, was the last day within which the required act, i.e., filing the complaint, here could be performed.').

"The Court finds that all of Plaintiff's remaining claims, which are brought pursuant to Alabama's wrongful-death statute, § 6-5-410, see supra, accrued on January 28, 2010, the date of Daniel Mingo's death. Because January 28, 2012, the date the two-year statute of limitations would ordinarily have run, fell on a Saturday, when the Mobile County Circuit Court is closed, Plaintiff was within the two-year statute of limitations under Alabama law in filing her Complaint on Monday, January 30, 2012."

(Emphasis in original.)

Although Mingo is not binding on this Court, under the reasoning of Mingo, Grant's complaint in this case was timely based on the operation of § 1-1-4. Perhaps the federal district court's analysis of § 1-1-4 and § 6-5-410 in Mingo was wrong. However, Dr. Jones's petition in this case fails to demonstrate any fallacy in the analysis drawn by the Mingo court because Dr. Jones's petition does not explicitly address § 1-1-4 at all.

"'"When an appellant [or petitioner] fails to properly argue an issue, that issue is waived and will not be considered." "An appeals court will consider only those issues properly delineated as such, and no matter will be considered on appeal [or mandamus review] unless presented and argued in brief."' Tucker v. Cullman-Jefferson Counties Gas Dist., 864 So. 2d 317, 319 (Ala. 2003)(quoting Asam v. Devereaux, 686 So. 2d 1222, 1224 (Ala. Civ. App. 1996), and Braxton v. Stewart, 539 So. 2d 284, 286 (Ala. Civ. App. 1988), respectively (emphasis omitted)). '"It is well established that it is not the function of an appellate court to create, research, or argue an issue on

13

behalf of the [petitioner].'" Mottershaw v. Ledbetter, 148 So. 3d 45, 54 (Ala. 2013) (quoting Gonzalez v. Blue Cross/Blue Shield of Alabama, 760 So. 2d 878, 883 (Ala. Civ. App. 2000)). A writ of mandamus is an extraordinary writ that will be issued only when the petitioner establishes a 'clear legal right' to relief. Ex parte Davis, 930 So. 2d [497,] 499 [(Ala. 2005)]."

Ex parte Drury Hotels Co., 303 So. 3d 1188, 1193 (Ala. 2020).[3]

---

[3]We note that, when squarely addressed with the question, at least one court in another jurisdiction has held that its statute and procedural rule governing the computation of time apply to wrongful-death actions under similar circumstances. In Ritz v. Brown, 61 Ohio App. 3d 65, 70, 572 N.E.2d 159, 162 (1989), the Ohio Court of Appeals reasoned:

"It is the opinion of this court that both [Ohio Rev. Code Ann.] 1.14 and [Ohio R. Civ. P.] 6(A) are applicable to the computation of the limitations period under the wrongful death statute. … [I]t is settled law in Ohio that conditions that may ordinarily toll pure statutes of limitations have no effect upon special statutory limitations qualifying a given right, such as the limitation imposed by [Ohio Rev. Code Ann.] 2125.02(D). On this basis, the defendants argue that the effect of applying [Ohio Rev. Code Ann.] 1.14 to wrongful death actions is to improperly toll the two-year limitations period. However, we believe that the instant case presents a unique situation that does not constitute a tolling of [Ohio Rev. Code Ann.] 2125.02(D) within the meaning of the established case law.

"As the plaintiff argues in her brief, tolling provisions commonly operate to allow individuals under a defined disability an indefinite extension of time in which to bring an action. On the other hand, provisions governing computation of time place all individuals on equal footing by giving them an equal and limited amount of time in which to act."

14

Moreover, with the exception of one case, <u>Floyd v. Abercrombie</u>, 816 So. 2d 1051 (Ala. Civ. App. 2001), none of the cases that Dr. Jones cites in his petition or reply brief discussed § 1-1-4. In <u>Floyd</u>, the Court of Civil Appeals considered whether a trial court had erred by determining that a mother's petition for postminority educational support for her child was untimely. "The mother … argue[d] that the trial court erred in denying her request for postminority educational support for [the child] on the basis that it was untimely because she filed her petition on [the child]'s 19th birthday." <u>Id.</u> at 1053. The Court of Civil Appeals noted that, under this Court's then operative precedent, <u>Ex parte Bayliss</u>, 550 So. 2d

---

The <u>Ritz</u> court further stated:

> "In our judgment, to construe [Ohio Rev. Code Ann.] 2125.02(D) as a denial of a plaintiff's opportunity to bring a wrongful death action because the limitations period expires on a date that the courthouse is closed penalizes that party for not initiating the action within a shorter time period than is allowed by the statute."

61 Ohio App. at 73, 572 N.E.2d at 164.

Like the federal district court's decision in <u>Mingo</u>, <u>Ritz</u> certainly does not bind this Court. However, the considerations raised by the <u>Ritz</u> court's analysis further illustrate how, by failing to address a pertinent statutory enactment, Dr. Jones's petition in this case does not demonstrate a clear legal right to a dismissal of Grant's complaint.

986, 1054 (Ala. 1989)(subsequently overruled by <u>Ex parte Christopher</u>, 145 So. 3d 60 (Ala. 2013)), a trial court could properly award postminority educational support "'<u>when application [wa]s made therefore</u> … <u>before the child attains the age of majority</u>.'" <u>Floyd</u>, 816 So. 2d at 1054 (quoting <u>Ex parte Bayliss</u>, 550 So. 2d at 987).

In <u>Floyd</u>, the day before the child's 19th birthday was the day on which George Washington's birthday was observed as a State holiday. "The mother argue[d] that because the last day that [the child] was a minor was a holiday, she was entitled, pursuant to § 1-1-4 … and Rule 6(a) …, to wait until the next succeeding working day to file her petition." <u>Id.</u> at 1054-55. The Court of Civil Appeals disagreed, citing certain of this Court's precedents and reasoning:

> "The principle to be gleaned from these precedents is that the power of a trial court to award postminority educational support is contingent upon, among other things, the filing of a petition during the existence of a particular <u>status</u> -- the infancy of the child for whom support is sought. If the person for whom support is sought becomes an adult, and loses the status of a 'child,' that status cannot be restored, and the jurisdiction of the trial court cannot be resurrected. Thus, the premajority filing requirement … is not in the form of a specified filing <u>period</u>, but is a status-based limitation on the jurisdiction of trial courts over 'children' of divorced parents. We conclude that the trial court correctly determined that the mother's petition was untimely as to its request for postminority educational support for [the child]."

16

Id. at 1055.

Thus, the Floyd court's determination that § 1-1-4 did not operate to render timely a petition for postminority educational support was based on its conclusion that, upon the child's attaining 19 years of age, the minority status of the child that was necessary to confer jurisdiction over the petition onto the trial court ceased to exist. Consequently, the trial court could not acquire jurisdiction over the petition upon cessation of the child's requisite minority status. Although Dr. Jones cites Floyd in his petition, the reasoning of Floyd, which was rooted in the cessation of a particular status, as opposed to the lapse of a particular period, does not appear to be directly applicable to Dr. Jones's argument that the period for bringing Grant's complaint lapsed. Indeed, the Floyd court determined that § 1-1-4 did not apply in that case precisely because the lapse of a particular period was not involved there.

Moreover, Dr. Jones's petition develops no argument demonstrating that the lapse of the period provided by § 6-5-410(d) deprives a trial court of jurisdiction over a wrongful-death action, such that § 1-1-4 cannot operate to permit a plaintiff to file his or her complaint on a Monday when the period lapses on a Saturday or Sunday. Although

17

"[t]his Court is duty bound to notice ex mero motu the absence of subject-matter jurisdiction," Stamps v. Jefferson Cnty. Bd. of Educ., 642 So. 2d 941, 945 n.2 (Ala. 1994), our research has not revealed any precedent of this Court clearly stating such a holding.

## Conclusion

As the petitioner, it is Dr. Jones's burden to establish a clear legal right to the issuance of a writ of mandamus. See Ex parte Drury Hotels Co., 303 So. 3d at 1191. Candidly, he admits that there is no controlling authority clearly supporting his contention that the method for computing time provided by Rule 6(a) does not apply to an action brought under § 6-5-410(d). In citing secondary authority that he contends is persuasive, Dr. Jones fails to address the discussions provided by such authority regarding § 1-1-4, the plain language of which applies to the computation of time for "any act … provided by law to be done."

It may be argued that § 1-1-4 does not apply to wrongful-death actions. However, we do not conclusively resolve that question in disposing of this petition because Dr. Jones has not explicitly addressed § 1-1-4 at all and, consequently, offers us no substantive analysis to consider regarding that statute. We conclude that, by failing to address

18

§ 1-1-4, Dr. Jones has failed to demonstrate a clear legal right to a dismissal of Grant's complaint. <u>See</u> <u>Ex parte Integon Corp.</u>, 672 So. 2d at 499. Therefore, his petition is denied.

PETITION DENIED.

Parker, C.J., and Wise, Sellers, Mendheim, Stewart, Mitchell, and Cook, JJ., concur.

Shaw, J., concurs in the result.